## ADELINA CORRIA *vs.* FINK BROTHERS.

### MARCH 28, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Workmen's Compensation Act.   Findings of Fact.   Dependency.*

Under the Workmen's Compensation Act, the question of dependency is one of fact and the findings of fact of a justice, upon review, are conclusive in the absence of fraud.

*(2)   Workmen's Compensation Act.   Findings of Fact.   Review.   Dependency.*

Under Art. III, sec. 7 of the Workmen's Compensation Act a party aggrieved by the final decree of the Superior Court may appeal solely upon questions of law and equity decided adversely to him, and where appellant failed to establish the fact that he was dependent on deceased at the time of his death, he is without standing to raise a question of law on appeal.

*(3)   Workmen's Compensation Act.   Dependency.*

*It would seem* that under a fair construction of the Workmen's Compensation Act, persons partly dependent upon a deceased workman shall receive no compensation during the period in which compensation is to be paid to persons wholly dependent; and that if the person wholly dependent has elected to recover and receive damages from a third party liable for the accident which resulted in the death of the workman, then the employer is not required to pay compensation under the Act to the person wholly dependent nor to those partly dependent.

PETITION under Workmen's Compensation Act. Heard on appeal of respondents and dismissed.

SWEETLAND, C. J. This is a petition under the Workmen's Compensation Act. The petitioners are the mother and minor brother and sister of Guilherme J. Corria, deceased. The petition represents that the deceased was a workman employed by the respondents and that he received personal injuries which resulted in his death by an accident arising out of and in the course of such employment.

The petition was heard before a justice of the Superior Court who decided that the petitioner Adelina Corria, the mother of the deceased, was not at all dependent upon the deceased at his death and that the minor brother and sister of the deceased, petitioners, "could be only partly dependent although there is much doubt as to whether they were at all dependent." Said justice further found that the deceased left a widow, him surviving, who was living with the deceased at the time of his death and who under the statute is conclusively presumed to have been wholly dependent upon him and entitled to all compensation due from the respondent under the Workmen's Compensation Act. It appeared at the hearing before the Superior Court that said widow had received damages from the third person, a corporation, which caused the death of said workman. Said justice entered a final decree in which the petition is denied and dismissed. The cause is before us upon the appeal of said minor brother and sister of the deceased, Eddy Corria and Lena Corria.

Under the provisions of the Workmen's Compensation Act, Article III, Section 6, the findings of fact of said justice are conclusive in the absence of fraud. The question of dependency is one of fact. Under Section 7 of Article III, a party aggrieved by the final decree of the Superior Court may appeal to this court solely upon questions of law and equity decided adversely to such appellant. To be entitled to relief under the act these appellants must establish to the satisfaction of the Superior Court the fact that they were dependent on the deceased at the time of his death. This they have failed to do. The evidence raised in the mind of

said justice "much doubt as to whether they were at all dependent." The appellants, therefore, are without standing to raise the questions of law which they have urged in argument before us.

We have, however, examined those questions, and are of the opinion that if it had been established to the satisfaction of the Superior Court that the appellants were persons partly dependent upon the deceased they would not be entitled to a decree in their favor on this petition. We would approve the decision of the Superior Court that under a fair construction of the act persons partly dependent upon a deceased workman shall receive no compensation during the period in which compensation is to be paid to persons wholly dependent; and that, if the person wholly dependent has elected to recover and receive damages from a third person liable for the accident which resulted in the death of the workman, then the employer is not required to pay compensation under the act to the person wholly dependent nor to those partly dependent.

The case of *Cahill* v. *Terry & Tench Co.*, 173 App. Div. (N. Y.) 418, cited by the appellants is not in point. It appears in that case that the provisions of the New York Act materially differ from ours. Under that act in some circumstances the dependent widow and the dependent mother of a workman whose death resulted from an accident arising out of and in the course of his employment are entitled to share, although not equally, in the compensation provided for in the act. It was held in the case cited that an action for damages by a dependent widow against a third person, whose wrongful act she claimed had caused the accident, might amount to an election which would bar her claim for compensation from the employer, but that such election did not affect the claim of a dependent mother for compensation under the act. By the Rhode Island statute the widow, wholly dependent, and the minor brother and sister, if found to be partly dependent, do not share in the compensation.

The appeal is dismissed, the decree appealed from is affirmed, the cause is remanded to the Superior Court.

*Samuel I. Jacobs*, for petitioners.

*Henshaw & Sweeney*, for respondents.