## RUSHVILLE SCHOOL TOWNSHIP *v.* MOCK ET AL.

### [No. 12,874. Filed June 29, 1927.]

1. MASTER AND SERVANT.—*Judgment against party causing death of employee no bar to compensation claim by appellee's dependent.*—Under §13 of the Workmen's Compensation Act (§9458 Burns 1926), a judgment against the party whose negligence caused the death of an employee, if not paid, would not bar a claim for compensation by the widow of the deceased employee. p. 309.
2. MASTER AND SERVANT.—*Statutory provision concerning precautions to be taken by driver of school hack are for protection of children and not for driver when alone.*—The provision of §6937 Burns 1926, requiring the driver of a school hack, when about to cross a railroad track to bring such hack to a full stop and send some one ahead to see if the track is clear, is intended for the protection of the school children being transported, and not for the protection of the driver when alone, and his violation of the statute while driving the hack back to school in the evening to take the children to their homes would not affect the right of his widow to recover compensation for his death at an interurban crossing. p. 310.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by the widow and child of a decedent for compensation for an employee's death, opposed by Rushville School Township, employer. From an order of the Industrial Board granting an award to claimants, the employer appeals. *Affirmed.* By the court in banc.

*John A. Titsworth* and *Russel B. Titsworth*, for appellant.

*A. L. Gary* and *Anna L. Bohannon*, for appellees.

DAUSMAN, J.—On February 3, 1926, and for several years prior thereto, one Oliver H. Mock was in the employ of Rushville school township, Rush county. His duty was to convey the school children of a certain neighborhood to and from a public school known as the Webb school. It was his custom to return to his home after delivering the children to the school in the morning and to go back for them in the afternoon. For that purpose he used an auto hack furnished by the township. On the morning of that day, he took the school children to the school as usual. On his way homeward, he stopped at Rushville and purchased some groceries. Proceeding on his way, and while in the act of crossing the track of the Indianapolis and Cincinnati Interurban Company, his machine was struck by an interurban car, the collision resulting in his immediate death. At the time of the accident, the interurban company was in the hands of a receiver. The deceased left no estate, neither real nor personal. The appellees herein are his widow and infant child.

A short time after the death of Oliver H. Mock, his father called upon a Mr. Wells, claim agent for the interurban company, and asked him "if he would pay the funeral expenses." Wells replied, "Mr. Mock, you are one in five hundred. I will see what I can do for you."

Thereupon, an administrator was appointed, who filed a complaint against the receiver, asking damages in the sum of $1,000 on behalf of the widow and child for negligently causing the death of Oliver H. Mock. By agreement, the cause was submitted to the court without a jury and a judgment rendered in the sum of $229.70. That sum is the exact amount of the funeral expenses. No part of the judgment has been paid. The court proceeding was conducted without any cost to the estate for attorney's fees or otherwise. The widow has instituted an action to annul the judgment and that action is now pending.

On May 21, 1926, the widow and infant child filed with the Industrial Board their application for compensation. A hearing before two members of the board resulted in an award for 300 weeks at the rate of $7.63 per week. The board also ordered that the burial expenses, not to exceed $100, be paid by the school township. On application of the school township, the matter came before the full board for review, resulting in an award substantially the same as the prior award.

The appellant seeks a reversal on each of the following propositions: that Oliver H. Mock was an "independent contractor"; that he was not on duty at the time of the accident; that his dependents have elected to recover from the traction company; that the workman's death was due to his wilful violation of a statute, viz.: §6937 Burns 1926; and that the compensation law is not applicable because he was exposed to no greater danger than other travelers on the highway.

Does the judgment in the circuit court bar compensation? We need not express any opinion as to the merits or demerits of that proceeding. The

1. Compensation Act contains a provision which covers fully and completely the contention here presented (§13). The decisions on this subject, cited

in Artman's Manual, p. 103 *et seq.*, render unnecessary any discussion of this point.

Counsel insist that Mock violated the provisions of the statute relating to the duty of the driver of a school hack when about to cross a railroad, viz.: §6937 2. Burns 1926, and that his conduct in that respect bars compensation. This would be an interesting subject for discussion were it not for the fact that this section is for the protection of the school children and not for the driver when alone.

The other points presented are too well settled to justify further discussion.

The award is affirmed.