DUNCAN J. MCARTHUR *vs.* DUTEE W. FLINT OIL CO. INC.

JUNE 12, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Barrows, JJ.

228

RATHBUN, J. This is an action of trespass on the case for negligence. The trial in the Superior Court resulted in a verdict for the plaintiff for $17,500. The trial justice denied the defendant's motion for a new trial and the case is before this court on the defendant's exceptions as follows: To the admission of testimony; to instructions to the jury; to the refusal to instruct; to the refusal to direct a verdict for the defendant and to the denial of the defendant's motion for a new trial.

The defendant, a wholesale dealer in motor oils and gasoline, undertook to install a gasoline pump for one Mullins to be used in dispensing gasoline purchased from the defendant. Mullins owned a second-hand gasoline tank which had not been used for six or seven months. The flange of the tank being too small to connect with the pump, the defendant carted the tank to the plaintiff's employer, the Wholey Boiler Works, and ordered them to cut a larger opening in the tank and weld on a flange of the proper size. Preparatory to doing the welding, the plaintiff was directed by his employer's foreman to use an acetylene torch in cutting the hole. The plaintiff commenced the work but almost immediately after the torch was applied to the tank the gasoline fumes within exploded and the plaintiff was very seriously injured.

The defendant contends that the plaintiff can not recover for the following reasons: (1) That the defendant was guilty of no negligence; (2) that the plaintiff was guilty of contributory negligence and (3) that the plaintiff had accepted from his employer compensation under the Workmen's Compensation Act.

The plaintiff contends that the defendant was negligent (1) in not removing all gasoline and fumes from the tank before delivering it to be cut and welded; (2) in ordering the work done without giving notice of the fact that the tank had contained gasoline.

There is evidence tending to show that it was the custom of oil companies to remove all gasoline and gasoline fumes from tanks before sending them to be repaired. The testimony was conflicting on the question whether the defendant gave notice to the Boiler Works that the tank had contained gasoline. Two of the defendant's employees testified that they drove into the yard of the Boiler Works to deliver the tank and, finding no one there, one of them went to the office and left with Mr. Foote, the person in charge, a written order to do the work and then returned to the yard and unloaded the truck in the presence of a Mr. Spencer, an employee of the Boiler Works. Spencer, who was about 17 or 18 years of age, described himself as a "boiler-maker's helper". Each of defendant's said employees testified that one of them, a Mr. Bartlett, said to Spencer: "Now be careful as this tank has had gasoline in it." Spencer denied that Bartlett told him that there had been gasoline in the tank. Defendant contends that Spencer's testimony is unworthy of belief, first, because of a natural desire to avoid the blame for the accident and second, because he could recall very little that was said at the time. It would seem that the witnesses for the defendant on this point had just as strong a motive to color their testimony for the purpose of avoiding blame. We can not ignore the testimony of Spencer. The conflict between his testimony and that of the two men who delivered the tank presented an issue of fact for the jury and they evidently believed Spencer. It is unnecessary to discuss this point further. We will, however, say that it is by no means clear that the defendant was free from negligence even if it were admitted that Bartlett warned Spencer as to the use which had been made of the tank. The information was not given at the office where the order for the work was given. It does not appear that Spencer was a foreman or a superior in any capacity whose duty it was to receive and forward such warnings to the employer. So far as appears Spencer was a mere fellow servant with the plaintiff. A warning to such a person who

has no duty to receive and forward such information is insufficient. See Sher. & Red. on Neg., 6th ed., Vol. 1, 644.

It is urged by defendant that plaintiff was guilty of contributory negligence. "The question of contributory negligence is one for the jury unless it clearly appears that the only proper inference from the undisputed facts is that in the circumstances of the case a person of ordinary prudence would not have acted as did the plaintiff." *Jacobson* v. *O'Dette*, 42 R. I. 447. The employer's foreman, in directing the plaintiff to do the work, pointed out to him the place on the tank for the hole which the foreman, either expressly or impliedly, ordered the plaintiff to cut with an acetylene torch. The plaintiff testified that there was nothing about the appearance or odor of the tank to indicate that it may have been used for the storage of gasoline and that, judging from the color of the tank and the couplings attached thereto, he decided that it was a water tank. The foreman did not warn him that the tank had contained gasoline because he did not know that fact. When the plaintiff was ordered to commence the work he was told that it was a rush job. He testified that he had done similar work on gasoline tanks; that the gasoline and fumes had apparently been removed from all of said tanks because he did nothing to render them safe and no explosion occurred when the torch was applied. Before the accident the Wholey Boiler Works had never done anything to remove gasoline and fumes from the gasoline tanks which they had repaired. We have already referred to the testimony tending to show that it was the custom of oil companies to remove all gasoline and gasoline fumes from tanks before having them repaired. Considering all the testimony upon the question we can not say that a man of ordinary prudence would not have acted as did the plaintiff. Therefore, whether the plaintiff was guilty of contributory negligence was a question for the jury.

We will next consider the question whether the plaintiff is barred from recovery by reason of the fact that he had received from his employer, or the latter's insurer, com-

pensation as provided by the Workmen's Compensation Act.

Section 20 of Art. III, Chapter 92, G. L. 1923, provides as follows: "Where the injury for which compensation is payable under this chapter was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee may take proceedings both against that person to recover damages and against any person liable to pay compensation under this chapter for such compensation, but shall not be entitled to receive both damages and compensation; and if the employee has been paid compensation under this chapter, the person by whom the compensation was paid shall be entitled to indemnity from the person so liable to pay damages as aforesaid, and, to the extent of such indemnity, shall be subrogated to the rights of the employee to recover damages therefor."

The defendant, relying upon the phrase "but shall not be entitled to receive both damages and compensation", contends that the plaintiff by accepting compensation from his employer made an election of remedies and can not thereafter recover damages. There might be some force to this argument if compensation from the employer had made the plaintiff financially whole. If he had been made financially whole he could not expect to be paid twice for his injuries; but compensation under said acts falls far short of making the plaintiff financially whole. Certain necessary expenditures for medicine and medical care were paid in full but the plaintiff loses one-half of his wages and receives nothing for the pain and suffering or for physical impairment. To adopt the defendant's contention it is necessary to assume that the Legislature, in providing for a limited compensation to be received by an employee from his employer, intended to limit the liability of a person whose negligence caused the injury, provided the injured employee, in order to obtain medical attention, to live and support his dependents, accepts from his employer the limited compensation provided

in said act. We find in the Act nothing which indicates an intention to lessen the common law liability of a third person whose negligence caused the injury. Why should such person be protected and given a gratuity at the expense of an innocent employee who accepts the benefits provided for in the Act when he is in no financial condition to await the results of protracted litigation to obtain damages? Such third person is required to respond in damages only when his negligence is the proximate cause of the injury. The employer who has accepted the provisions of the Compensation Act must share the loss with an employee, who has received an injury arising out of and in the course of his employment, even although the employer was in no wise at fault and the injury was caused by a negligent third party or by the employee's own negligence — excluding voluntary intoxication. Said section 20 provides that "the employee may take proceedings both against that person to recover damages and against any person liable to pay compensation, . . . but shall not be entitled to receive both". We think the fair meaning of the last phrase is that the employee "shall not be permitted to receive both for his own use." The purpose of said phrase is to deny double compensation. The statute authorizes the employee to proceed against both his employer and the negligent third person who caused the injury. If the employee first obtain damages from such negligent third person, the employee can not thereafter obtain compensation from his employer. *Corria* v. *Fink Bros.*, 120 A. 321. If the employee accepts compensation from an employer and he, or the person who paid compensation, relies upon an agreement of the employee to return the compensation, in the event damages are collected, said third person can not complain that the rights of all concerned are to be settled by one suit. *Mingo* v. *R. I. Co.*, 41 R. I. 423. After suit was commenced, the plaintiff's attorney, after discussing the matter with the insurer, the one who actually paid and is paying the compensation, sent to the insurer a letter confirming the oral agreement with

the employer and embodying the understanding between the attorney and said insurer to the effect that, in the event damages were recovered, the plaintiff would reimburse the insurer for compensation paid. It thus appears that the insurer was satisfied to permit the plaintiff to recover full compensation. It is not suggested that either the employer or insurer is dissatisfied with the arrangement made with the plaintiff. When the person who paid compensation has thus assisted in compelling the negligent third person to pay full damages, the person so paying is estopped to demand indemnity from such third person. Before execution is issued the insurer may, if it is desirable, be made a party for the protection of all concerned.

Substantially the same question as is here involved was decided adversely to the defendant's contention in *Mingo* v. *R. I. Co., supra,* wherein we stated that: "It is not the purpose of this statute to lessen or to change the liability of the negligent third person who is fully protected therein from a double liability." See also *Riddle* v. *Higley Motor Co.,* 122 Kan. 458.

The defendant has cited a number of cases from different jurisdictions to support the contention that the plaintiff is barred from damages because he has "made an election" to accept compensation. The statutes upon which said cases were respectively based differ radically from our Compensation Act. Few, if any, of said statutes absolve the negligent third person from paying full damages to someone, excepting a few statutes which thus favor a negligent third person, provided he has accepted the provisions of the Workmen's Compensation Act.

The Massachusetts act, see Mass. Gen. Laws 1921, Vol. 2, p. 1603, Sec. 15, provides that an employee may proceed against the negligent third person for damages or against the insurer for compensation but not against both. The insurer who pays compensation may recover full damages from a negligent third person and is required to pay four-fifths of the excess to the employee. Wisconsin has a similar act.

234

In that State the employer, after deducting the amount of compensation paid, and a reasonable amount to cover costs of collection, must pay the excess to the employee. Vol. 1, Wis. Stat. 1923, p. 1100. Many other states from which authorities are cited have similar statutes. The State of Washington act provides that, if the employee elects to accept compensation, the cause of action against the third person is assigned to the State for the benefit of the accident fund. Remington's Compiled Stat. 1923, Vol. 3, p. 1818, Sec. 7675. For a list of authorities and a comprehensive discussion of the rights of employees, subject to a workmen's compensation act, when the injury is caused by the negligence of a third person, see, 19 A. L. R., 766 *et seq.* and 27 A. L. R. 497.

We will now consider the exceptions taken in the course of the trial. The defendant excepted to the testimony of Mr. Wholey to the effect that whenever a gasoline tank was delivered to his concern for repairs he assumed that the tank had been so cleaned as to render it safe. We have already pointed out that there was considerable testimony to the effect that it was the custom of gasoline companies to wash and steam out gasoline tanks before sending them to be repaired. The defendant takes nothing by his exceptions to testimony showing such custom or to the testimony that Mr. Wholey relied upon the custom.

Defendant took a number of exceptions to testimony to the effect that gasoline is very volatile and inflammable and that care is necessary in handling gasoline. These exceptions are overruled.

The trial justice in his charge characterized gasoline as a "more or less dangerous substance". The defendant excepted to such characterization. It is common knowledge that gasoline is very inflammable and for that reason a dangerous substance especially when brought in close proximity to excessive heat or an open fire. This exception is without merit and is overruled.

Defendant's exception to the refusal of the trial justice to charge that "there has been no evidence presented which tends to show that defendant knew of the presence of vaporized gasoline in the tank." The defendant did know that the tank was a second-hand gasoline tank and that it had been used for the storage of gasoline. An instruction as requested would have been very misleading. The defendant's contentions are not entirely consistent. Defendant strenuously contends that its agent told Spencer that the tank had contained gasoline. This exception is overruled.

Defendant's exceptions 41 to 45 inclusive apply to rulings refusing to grant defendant's requests 10 to 14 inclusive for instruction. In so far as said requests were couched in unambiguous language and embodied correct statements of law the legal principles involved were fully and clearly covered in the general charge.

We have already discussed the legal principles upon which the defendant based its motion for a direction of a verdict. Exception to the refusal to direct a verdict for the defendant is overruled.

The verdict of the jury has the approval of the trial justice. The testimony upon the issue of defendant's negligence was conflicting. The question of contributory negligence we have already considered. A careful reading of the record discloses no reason for disturbing the findings of the jury supported by the approval of the trial justice.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*William H. Camfield, George Hurley, Walter V. Moriarty,* for plaintiff.

*Clason, Brereton & Kingsley, Philip C. Joslin, Clifford A. Kingsley,* for defendant.