TEWS *v.* C. F. HANKS COAL CO.

1. MASTER AND SERVANT—AMPUTATION OF LEG.
   Amputation below knee above point constituting it a loss of the foot constitutes loss of leg under the workmen's compensation act.

2. SAME—CONSTRUCTION OF WORKMEN'S COMPENSATION ACT.
   Workmen's compensation act is a statute in derogation of the common law permitting no enlargement by principles of equity or common-law adaptations.

3. SAME—ELECTION OF REMEDIES BY EMPLOYEE.
   Employee receiving injury for which a third party is liable may proceed against that party to recover damages or against employer under workmen's compensation act but not both, nor, by agreement with employer, have remedy in part from each (2 Comp. Laws 1929, § 8454).

4. SAME—RELEASE TO THIRD PARTY BAR TO COMPENSATION UNDER ACT.
   Payment by third party injuring employee and release given it by latter bars claim under workmen's compensation act pursuant to agreement with employer's insurance carrier to pay difference between settlement received and whole amount payable under compensation act.

5. SAME—ELECTION OF REMEDIES INDUCED BY FRAUD.
   Remedy of employee, induced by false representations of employer's insurance carrier to elect to have damages from third party, if any, is not under workmen's compensation act.

Appeal from Department of Labor and Industry. Submitted April 25, 1934. (Docket No. 99, Calendar No. 37,708.) Decided June 4, 1934.

George F. Tews presented his claim against C. F. Hanks Coal Company, employer, and Lumbermen's Mutual Casualty Company, insurer, for an acci-

dental injury sustained while in defendant's employ. Award to plaintiff. Defendants appeal. Reversed.

*Shields, Silsbee, Ballard & Jennings,* for plaintiff.

*Kelley, Sessions, Warner & Eger,* for defendants.

WIEST, J.   While plaintiff was in the employ of the C. F. Hanks Coal Company, delivering coal at a compensation of 60 cents per ton, and earning an average of $5.28 per day, he met with an accident at a railroad crossing, resulting in the loss of his left leg about five inches below the knee.   The accident was reported by the employer.   While plaintiff was in a hospital a representative of the employer's insurance carrier visited him and informed him that $2,000 could be procured from the railroad company for causing the injury, or he could claim compensation from his employer and obtain $2,250 for loss of a foot, payable in weekly instalments, and he claims he was advised by the representative that, if he accepted the $2,000 from the railroad company, the insurance company would make up the difference between that amount and what he would be entitled to under the compensation law.

The sum of $2,250, mentioned to plaintiff, as compensation for loss in his case, was wrong in fact for the leg was amputated below the knee and within a fraction of an inch above the point constituting it a loss of the foot and, therefore, was a loss of the leg and, for loss of the leg, compensation would be more.

After receiving the $2,000 from the railroad company plaintiff filed application for compensation from his employer and, upon a hearing before a deputy commissioner, his application was denied,

evidently on the ground that he had elected to have damages from a third party. Upon appeal to the board he was awarded full compensation, less the $2,000 paid him by the railroad company. The board, in an opinion, found that plaintiff accepted the sum from the railroad company under assurance that it would not prevent him from having additional compensation from his employer, and held that such assurance prevented application of the statutory rule otherwise following an election to have remedy against the third party causing the injury. This presents the important issue of law.

The board found a fraud was practiced upon plaintiff and this presents the question of whether the board can declare an election, otherwise valid, to be no election because of fraud.

The compensation law of the State provides:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages, or against the employer for compensation under this act, but not against both, and if compensation be paid under this act the employer may enforce for his benefit or for that of the insurance company carrying such risk, or the commissioner of insurance, as the case may be, the liability of such other person." 2 Comp. Laws 1929, § 8454.

The compensation act is in derogation of the common law and, therefore, its measure of relief may not be extended beyond its express terms; it is a legislative creation permitting no enlargement by principles of equity or common-law adaptations. It is arbitrary and where it speaks nothing can be

added nor changed by judicial pronouncement. It imposes liability upon operatives under its provisions and measures exclusive relief in its own terms. This law permits an employee, injured in the course of his employment by the negligence of a third party, to have compensation from his employer or from the third party, *but not from both.* The employee may elect his remedy but cannot, even by agreement with the employer, have remedy in part from the third party for a tort and in part against his employer under the compensation act. The remedy against the third party is at common law, and that under the compensation act wholly foreign to the common law. The two laws bear no relation and their remedies cannot be mixed, except by express statutory authority. Remedy had under one wholly excludes the employee from the other.

The statutes of some States permit proceedings against both the employer and the negligent third person but double recovery is not permitted.

The payment by the railroad company and the release given by plaintiff, perhaps, do not, standing alone, show circumstances creating a legal liability of the railroad company, but the settlement assumed the existence of such a legal liability and in this proceeding plaintiff must be held to have received the $2,000 in satisfaction of a valid claim for damages.

Cases from other jurisdictions, sanctioning what was here done, may be found but such decisions are based upon statutes expressly authorizing such procedure and adjustment of compensation. See *Napier* v. *John P. Gorman Coal Co.,* 242 Ky. 127 (45 S. W. [2d] 1064).

Our statute is rigid on the subject; permits an election; attaches consequences by expressly pro-

hibiting both damages from a wrongdoer and compensation from an employer, thus keeping tort liability and contract responsibility within their proper spheres.

If plaintiff was induced by false representations to elect to have damages from the third party, his remedy, if any, is not within the compass of the compensation act.

The award is vacated, with costs to defendant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, and EDWARD M. SHARPE, JJ., concurred. BUSHNELL, J., did not sit.