83 P.2d 457

## WHITE v. NEW MEXICO HIGHWAY COMMISSION et al.

### No. 4388.

Supreme Court of New Mexico.

Oct. 10, 1938.

Caswell S. Neal, of Carlsbad, for appellant.

Stagner & Reese, of Carlsbad, for appellee.

HUDSPETH, Chief Justice.

The question for decision is the right of a workman to compensation under the Workmen's Compensation Law, Comp.St. 1929, § 156-101 et seq., who, without the knowledge or consent of his employer or the employer's insurer, executes a full and complete release of liability of a negligent third party who was responsible for his injury.

The parties will be referred to herein as in the court below, i. e., appellant as plaintiff and the Insurance Company as defendant, the cause having been dismissed as to the State Highway Department from which no appeal was taken.

The trial court, after making findings of fact, concluded as follows:

(A) That by reason of having executed said release to W. O. Ogden, the plaintiff elected to pursue his remedy against the said W. O. Ogden and is estopped from claiming compensation under the Workmen's Compensation Act.

(B) That by reason of having executed and delivered said release to the said W. O. Ogden, plaintiff has thus taken away from defendant its right of subrogation under the Workmen's Compensation Law of New Mexico, by reason whereof, plaintiff is estopped from claiming compensation.

The decision depends upon the construction to be put upon the language of the statute found in sec. 156-124 of the 1929 Compilation. It reads as follows: "The right of any workman * * * to receive payment or damages for injuries occasioned to him by the negligence or wrong of any person other than the employer as herein defined shall not be affected by this act, but he * * * shall not be allowed to receive payment or recover damages therefor and also claim compensation from such employer hereunder, and in such case the receipt of compensation from such employer hereunder shall operate as an assignment to the employer, his or its insurer, guarantor or surety, as the case may be, or any cause of action, to the extent of the liability of such employer to such workman occasioned by such injury which the workman * * * may have against any other party for such injuries."

Plaintiff maintains that the plea of estoppel cannot be sustained because defendant by reason of plaintiff's execution of the release has not lost its cause of action against the third party responsible for the injury, and that plaintiff as a matter of law is entitled to recover compensation, giving to defendant insurance company credit for the amount received in the settlement made with W. O. Ogden, the wrongdoer responsible for the injury. Plaintiff argues that the statute does not prevent a workman from settling at common law with the tort feasor for less than

he is entitled to under the Compensation Act. That is true. The act provides: "The right of any workman * * * to receive payment or damages for injuries occasioned to him by the negligence or wrong of any person other than the employer as herein defined shall not be affected by this act." The plaintiff undoubtedly had the right to settle with the tort feasor on any terms satisfactory to him. But when he elected to "receive payment or recover damages" from the tort feasor without the knowledge or consent of his employer he no longer came under the act, which provides that he "shall not be allowed to * * * also claim compensation from such employer hereunder." There is but one cause of action and when that is satisfied there is nothing to be assigned to the employer or its insurer by operation of the statute. The Supreme Court of Iowa in the leading case of Southern Surety Co. v. Chicago, St. P., M. & O. Ry. Co., 187 Iowa 357, 174 N.W. 329, a case in which the insurer of the employer sued the tort feasor after the injured employee had previously recovered full damages from the tort feasor and before payment of compensation, said [page 331]: "Defendant discharged its full obligation to Whitney. There was nothing to which Whitney's employer, or the insurance company, could be subrogated. Whitney had no rights left against this defendant, and there were none to which the plaintiff could be subrogated. * * *" We had this section of our act under consideration in Kandelin v. Lee

Moor Contracting Co., 37 N.M. 479, 24 P. 2d 731, and held that the injured workman had a right to sue the tort feasor in his own name; that the partial statutory assignment of the cause of action became effective only upon payment of compensation, and that the vacation of an order consolidating employer's liability insurers' and injured employee's cause of action against third party responsible for injuries was erroneous. In the Kandelin Case, supra, we quoted from McArthur v. Dutee W. Flint Oil Co., Inc., 50 R.I. 226, 146 A. 484, as affording a satisfactory interpretation of a statute similar to ours. The Rhode Island Supreme Court said [page 487]: "If the employee first obtained damages from such negligent third person, the employee cannot thereafter obtain compensation from his employer. Corria v. Fink Bros., 45 R.I. 80, 120 A. 321."

The Circuit Court of Appeals of the Tenth Circuit in Jones v. Getty Oil Co., 92 F.2d 255, interpreted our Workmen's Compensation Law. The compensation insurer had paid $3,532.50 to the workman and intervened in the workman's action against the third party. The court held that: "The right of the intervener depends upon the claim of the plaintiff. If the latter has no claim, the intervention necessarily fails." [Page 258.] In Tocci's Case, 269 Mass. 221, 168 N.E. 744, 67 A.L.R. 236, the court held that where a workman unsuccessfully brought an action against a third party for injuries he could not thereafter recover under the Workmen's Compensation Act (G.L. c. 152, § 15, provides that employee may at his option proceed against person causing damages or against insurer for compensation, but not against both). The Supreme Court of Michigan in Tews v. C. F. Hanks Coal Co., 267 Mich. 466, 255 N.W. 227, held that injured employee receiving money from third party causing injury must be held to have received damages in action against third party causing injury so as to bar action for additional compensation. The Michigan act provides: "'Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages, or against the employer for compensation under this act, but not against both, and if compensation be paid under this act the employer may enforce for his benefit or for that of the insurance company carrying such risk, or the commissioner of insurance, as the case may be, the liability of such other person.' Comp.Laws 1929, § 8454." [Page 228.]. While the language of this act is not the same as the New Mexico statute the meaning is very much the same. The Appellate Division in Gilman v. Barden et al., 249 App.Div. 665, 291 N.Y.S. 239, held that agreement concerning damages between parties to third party action for death of employee pursuant to which judgment was entered was a "compromise" which barred award of compensation where the employer had no knowledge and did not consent to such

agreement; and in McKee v. White, 218 App.Div. 300, 218 N.Y.S. 215, that court held that claimant's election to sue the third party negligently causing the injury and his subsequent abandonment of that action resulting in depriving insurance carrier of a right of subrogation under the Workmen's Compensation Law because of limitations estopped claimant from asserting a claim for compensation against the employer. See, also, Doleman v. Levine, 295 U.S. 221, 55 S.Ct. 741, 79 L.Ed. 1402.

The Commission of Appeals of Texas in Texas Employers Ins. Ass'n v. Brandon, 126 Tex. 636, 89 S.W.2d 982, interpreted a statute which is to the same general effect as our statute, as follows: "1. Exclusion of evidence offered by injured employee for purpose of limiting effect of release by employee of third parties whose negligence caused injury, which was introduced to sustain insurance carrier's plea in bar of employee's cross-action, held not error, where there was no pleading of fraud, accident, or mistake and third parties were not parties to suit." There are many cases holding that an employee's right to compensation is not lost by his release of the third party responsible for his injuries, but none of the statutes there under consideration contained the language of our act.

Finding no error in the record the judgment will be affirmed. It is so ordered.

SADLER, BICKLEY, BRICE, and ZINN, JJ., concur.