In the Matter of the Claim of GUERRINO SIMONETTI, Appellant, against MUNRO WATERPROOFING Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a claimant from a decision of the Workmen's Compensation Board which held that the carrier is entitled to be reimbursed or given credit out of the proceeds of a third-party recovery for both compensation payments and medical expenses already paid or those to be incurred. The dispute centers over expenses to be incurred. On June 13, 1946, claimant suffered injuries as the result of an industrial accident. Payments of compensation were made from June 24, 1946, to April 23, 1949. In the meantime claimant commenced a third-party action and obtained a judgment of $20,292.87. Payments of compensation then ceased, and the carrier was reimbursed out of the third-party recovery in the sum of $5,463.31 for compensation and medical expenses theretofore paid. Deducting this amount, plus attorney's fees and expenses amounting to $6,764.29, from the third-party recovery left a balance of $8,065.27. Afterwards further medical treatment for claimant was indicated and the case was restored to a referee's calendar. It is appellant's claim that further compensation payments and medical expenses must be borne by the carrier, and that the latter is not entitled to reimbursement. The board has

found to the contrary. We think the decision of the board was correct. The statutory scheme is to provide compensation benefits, including medical care, for an injured employee irrespective of whether he brings a third-party action or not. By the same token the statutory scheme clearly indicates that a carrier or employer, as the case may be, is to be reimbursed for compensation payments and medical expenses already paid *or to be incurred* out of the proceeds of a third-party recovery as far as it may go. (Workmen's Compensation Law, § 29; *Calhoun* v. *West End Brewing Co.*, 269 App. Div. 398.) Subdivision (c) of section 13 of the Workmen's Compensation Law and section 29 must be read together. It was not, we think, the intent of the Legislature to permit a claimant to retain the proceeds of a third-party recovery while at the same time an employer or carrier is to be held liable for future compensation and medical expenses. The whole purpose of the Workmen's Compensation Law, and in particular the legislative history of sections 13 and 29 of the act, support this conclusion. Decision, insofar as appealed from, unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.