In the Matter of the Claim of IDA DIMAGGIO, as Committee of the Person and Property of JOHN PICCOLA, an Incompetent, Appellant-Respondent, against INTERNATIONAL CHIMNEY CORPORATION et al., Respondents-Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 28, 1954.

*Victor Fiddler, Bernard Katzen, George J. Hayes* and *William H. Stieglitz* for respondents-appellants.

*Nathaniel L. Goldstein, Attorney-General* (*Daniel Polansky* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Benjamin Galperin, Norman W. Zeis* and *William G. Dargan* for appellant-respondent.

*Per Curiam.* The claimant sustained totally disabling injuries in an industrial accident for which he was awarded compensation benefits. Thereafter, he commenced a third-party action which was settled with the consent of the insurance carrier for $89,000. From the proceeds of the settlement, the insurance carrier was reimbursed $27,699.78 for compensation payments made to the claimant and for medical expenses paid on his behalf and the

insurance carrier executed and delivered a satisfaction of lien to the defendants in the third-party action. After a further deduction for expenses of the litigation, the net proceeds amounting to $34,950.22 were paid to the claimant. Since the consummation of the settlement, the claimant has been confined to a nursing home as a result of the injuries received in the industrial accident and a bill for nursing services has been submitted.

The Workmen's Compensation Board has found that the primary obligation to pay the claimant's medical expenses — including the bill of nursing services — rests upon the employer and its insurance carrier, irrespective of the payment to the claimant of the net proceeds of the third-party action and it has directed the insurance carrier to continue to pay the claimant's medical expenses. The board also held that the insurance carrier is entitled to be reimbursed out of the proceeds of the third-party recovery for medical expenses paid and to be paid by it. The claimant appeals from the holding of the board that the insurance carrier is entitled to reimbursement and contends that the insurance carrier having once accepted reimbursement and executed a satisfaction of lien, may not obtain reimbursement for medical expenses thereafter paid by it. The insurance carrier appeals and asserts that only after the net proceeds of the settlement have been applied to claimant's support and to payment of his medical expenses should it be required to pay the claimant's medical expenses.

Section 13 of the Workmen's Compensation Law requires an employer to provide an employee injured in an industrial accident with medical attendance and nursing and hospital service for such period of time as the nature of the accident requires. Subdivision 1 of section 29 provides that the employer or its insurance carrier shall have a lien on the proceeds of any third-party recovery to the extent of the total amount of compensation awarded or provided or estimated and the expenses for medical treatment paid or to be paid by it. Subdivision 4 of section 29 provides that in the event of a third-party recovery, the insurance carrier shall contribute only the deficiency between the amount of the net recovery and the compensation required to be paid.

Sections 13 and 29 must be read together, and when so read it is evident, in our opinion, that the Legislature did not intend to require an employer or its insurance carrier to pay a claimant's medical bills until the proceeds of a third-party settlement or recovery have been first exhausted. (*Matter of Simonetti* v. *Munro Waterproofing Co.*, 282 App. Div. 899.) The

initial liability to pay medical expenses rests upon an employer, but the ultimate liability — in whole or in part depending upon the amount of the settlement or recovery and the needs of the claimant — falls upon the wrongdoer responsible for the injuries. The board is in substantial agreement with the foregoing but the cleavage between the board and the insurance carrier is in the practical application of the law. Shall the insurance carrier be required to pay the claimant's medical expenses and then have the claimant reimburse it? Or, shall the insurance carrier be required to pay the claimant's medical expenses only after the net proceeds of the settlement have been exhausted through compensation benefit deductions and medical expense payments? We believe the latter procedure is the one intended by the Legislature. It is the deficiency which the insurance carrier is required to pay. The deficiency cannot be determined until the net proceeds of the settlement or recovery have been exhausted through deductions of weekly compensation benefits and payments of medical expenses. Thus, there is no liability on the insurance carrier until such deductions and payments equal the net proceeds paid to the claimant.

The satisfaction of lien executed on the date of the third-party settlement by the insurance carrier discharged its lien against the defendants in the third-party action '' for compensation payments and medical expenses made to and on behalf of '' the claimant. The instrument cannot be construed as an agreement with the claimant to pay all of his future medical expenses regardless of the third-party settlement.

For the foregoing reasons, it is our opinion that the claimant's contention that he should not directly or indirectly use the net proceeds of the settlement for payment of his medical expenses incurred after the consummation of the settlement is without merit. Further, it is our opinion that the insurance carrier should not be required to resume medical payments until after the net proceeds of the settlement have been applied to the claimant's support and to payment of his medical expenses.

The decision of the Workmen's Compensation Board should be reversed, on the law, with costs to the appellants, employer and insurance carrier, against the board and the matter remitted for further proceedings not inconsistent herewith.

Foster, P. J., Coon, Halpern, Imrie and Zeller, JJ., concur.

Decision reversed, with costs to the appellants, employer and insurance carrier, against the board and the matter remitted for further proceedings not inconsistent herewith.