392 P.2d 668

Basilio CASTRO, Plaintiff-Appellee,

v.

Raymond BASS, Employer, and Western Casualty Company, Insurer, Defendants-Appellants.

No. 7328.

Supreme Court of New Mexico.

May 4, 1964.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Albuquerque, for appellants.

Frank M. Mims, Albuquerque, for appellee.

MOISE, Justice.

Defendant-appellants appeal from a judgment granting plaintiff-appellee recovery under the New Mexico Workmen's Compensation Act. (§§ 59–10–1 to 59–10–37, incl., N.M.S.A.1953).

The facts disclose that on August 25, 1960, while employed by defendant Bass, plaintiff was injured in an automobile accident with people by the name of Newell. Defendant Western Casualty Company was the workmen's compensation insurer of Bass. Plaintiff's average weekly earnings were $42.00 per week and the accidental injury suffered by him arose out of and in the course of his employment. Defendant-insurer paid plaintiff total disability benefits of $25.20 per week to December 22, 1961, or a total of 69 weeks and, in addition, paid hospital and medical expenses.

On February 28, 1961, plaintiff filed suit against Hulett S. Newell and wife, alleging that the injuries suffered by him resulted from their negligence. Defendant-insurer intervened in that cause claiming to be subrogated to the rights of the workman to the extent of its liability to the workman under § 59–10–25, N.M.S.A.1953. After trial of the negligence action, a verdict in favor of plaintiff was returned awarding him $7,200.00 damages, and a judgment in this amount was entered in his favor on January 25, 1962. A few days later a judgment was entered on defendant-insurer's complaint in intervention adjudging $2,021.29 to be due defendant-insurer on account of workmen's compensation benefits paid to and on behalf of plaintiff. On February 7, 1962, plaintiff's attorney received from Newell's insurer a draft in payment of the judgment. The draft was made payable to plaintiff and his attorney, and to defendant-insurer and its attorney. On February 8, 1962, a satisfaction to the judgment against the Newells, acknowledging receipt of $7,438.08 "in full and complete satisfaction of the judgment," signed by the attorneys for plaintiff and for defendant-insurer was duly filed in the negligence action.

Plaintiff's attorney delivered the draft to defendant-insurer's attorney who immediately mailed it to Denver for endorsement. On February 14, 1962, the endorsed draft was returned to counsel for plaintiff and deposited by him the following day.

In the meantime, on February 12, 1962, after the draft had been received and the judgment satisfied, but before it had been

endorsed and returned to plaintiff's counsel, this suit for workmen's compensation was filed.

Inasmuch as in our view of the case, defendants' second point is determinative, we proceed directly to a discussion of it. As stated, the point asserts that by suing and recovering judgment which was duly paid and satisfied, plaintiff is barred "under the principle of election of remedies." The issue is otherwise asserted by defendants in the following language: "Does a compensation action lie in favor of a workman who has previously collected upon a judgment against a third party tortfeasor for the same injury?"

Plaintiff argues that this is not the issue because although a draft had been received and the judgment against the third party tortfeasor satisfied before this suit was filed, actual "payment" of the proceeds of the draft was not received until three days after this suit was filed. This is the question presented under Point I, and which we have not considered necessary for a decision in view of our conclusions on Point II. Also, plaintiff finds solace in this court's decision in Brown v. Arapahoe Drilling Company, 70 N.M. 99, 370 P.2d 816, wherein a claimant who had sued a third party tortfeasor and had failed to recover was held not to have "received payment or recovered damages" and accordingly was not foreclosed in his action to recover workmen's compensation.

In this case we also noted that there is a trend against requiring an election of remedies in situations involving workmen's compensation, citing 2 Larson's Workmen's Compensation Law, §§ 73.10 and 73.30.

Involved is an interpretation of § 59–10–25, N.M.S.A.1953, the material portion of which reads:

"The right of any workman, or, in case of his death, of those entitled to receive payment or damages for injuries occasioned to him by the negligence or wrong of any person other than the employer as herein defined shall not be affected by this act (§§ 57–901—57–931 [59–10–1 to 59–10–37]), but he or they, as the case may be, shall not be allowed to receive payment or recover damages therefor and also claim compensation from such employer hereunder, and in such case the receipt of compensation from such employer hereunder shall operate as an assignment to the employer, his or its insurer, guarantor or surety, as the case may be, or [of] any cause of action, to the extent of the liability of such employer to such workman occasioned by such injury which the workman or his legal representative or others may have against any other party for such injuries or death."

The problem for determination has not been previously considered by this court.

It arises by virtue of the fact that whereas a recovery was made in the third party tortfeasor suit, the amount there recovered was less than the maximum that plaintiff would have been entitled to receive for total and permanent disability, and was less than he would have been entitled to receive under the judgment of 65% disability here appealed from, provided the entitlement continued for the maximum time allowed by the compensation law. In this circumstance, does the act contemplate or permit the proceeding here undertaken?

Defendants argue that it does not. They point out that the suit would be premature until there has been a determination of the amount of compensation benefits they will be called upon to pay in the future and which they are entitled to have credited against the judgment. Reliance is placed on the language of this court in George v. Miller & Smith, Inc., 54 N.M. 210, 219 P.2d 285, to the effect that while a claimant is receiving maximum payments, under the workmen's compensation law, from his employer "he cannot properly institute a suit to fix the period of time or the amount to be paid therefor." It is argued that this being true, the same result must follow so long as the amount received in payment from the third party tortfeasor in satisfaction of the judgment has not been exhausted in weekly payments at the maximum rate. Plaintiff answers this by saying that although this argument might have some merit if payment had been received on or before the date of filing this suit, it cannot have any weight where payment was not received until three days later. Once again, we do not find it necessary to answer this question.

Assuming that payment of the judgment was received on February 16, 1962, does the statute permit a determination of the percent of disability being suffered by plaintiff now, with the weekly compensation to be charged against the amount received from the third party tortfeasor until that recovery has been exhausted? Further, would defendants then be under a duty to make weekly payments until plaintiff's full entitlement as determined in the judgment here appealed from, including a present right to attorney fees, had been paid in full? Plaintiff answers in the affirmative, recognizing the qualification that the award could be increased, decreased or stopped, as provided in § 59–10–25, N.M.S.A.1953, and the medical expense item increased in proper proceedings under § 59–10–19.1, N.M.S.A.1953. Defendants answer in the negative.

The language of § 59–10–25, quoted supra, was first considered by us in Kandelin v. Lee Moor Contracting Co., 37 N.M. 479, 24 P.2d 731. In that case, after thorough review of decisions in other states, we determined that our statute contem-

plated that an employee receiving compensation had a right to sue a third party tortfeasor responsible for his injury; that this right was for the entire amount of damages suffered by the workman with the employer or his insurer to be reimbursed out of any amounts received.

■■ One of the cases from which we quoted at length in Kandelin v. Lee Moor Contracting Co., supra, with the comment that it provided a satisfactory interpretation of a statute similar to ours, was McArthur v. Dutee W. Flint Oil Co., Inc., 50 R.I. 226, 146 A. 484. We will not here repeat that quotation. However, the language quoted clearly demonstrates that by accepting compensation which in no sense is considered as representing full compensation for injuries, no election of remedies could have been intended by the legislature. On the other hand, when damages are sought and recovered from the tortfeasor, the amount of the recovery is for the full loss or detriment suffered by the injured party and makes him financially whole. See Jackson·v. Southwestern Public Service Company, 66 N.M. 458, 349 P.2d 1029; 15 Am.Jur. 400, damages, § 12; 25 C.J.S. Damages § 17, p. 471. Accordingly, a different result follows, and as was said in Kandelin v. Lee Moor Contracting Co., supra, § 59–10–25, N.M.S.A.1953, is intended to deny an injured workman both compensation from his employer and a recovery from the third party, and if he has collected from the negligent party causing the injury he cannot thereafter recover compensation.

■ Plaintiff complains that the recovery from the Newells was inadequate. Whether or not this is so is certainly open to argument. However, no appeal was taken in that case and the damages found to be due have been paid, and the judgment satisfied. Accordingly, in our view, the plaintiff should not be heard to assert inadequacy of the recovery.

In White v. New Mexico Highway Commission, 42 N.M. 626, 83 P.2d 457, it was held that an injured workman could settle with a third party tortfeasor responsible for his injuries, but when he did so without the knowledge or consent of his employer or his employer's insurer, he was no longer entitled to compensation. We quote the following from that case:

"* * * In the Kandelin Case, supra, we quoted from McArthur v. Dutee W. Flint Oil Co., Inc., 50 R.I. 226, 146 A. 484, as affording a satisfactory interpretation of a statute similar to ours. The Rhode Island Supreme Court said [page 487]: 'If the employee first obtained damages from such negligent third person, the employee cannot thereafter obtain compensation from his employer. Corria v. Fink Bros., 45 R.I. 80, 120 A. 321.'"

Again, in Brown v. Arapahoe Drilling Company, supra, we referred to our two previous decisions and used the following pertinent language:

"In Kandelin v. Lee Moor Contracting. Co., 1933, 37 N.M. 479, 24 P.2d 731, and in White v. New Mexico Highway Commission, 1938, 42 N.M. 626, 83 P.2d 457, we had occasion to consider this portion of the statute, but neither case decided the precise issue before us now. Kandelin dealt with a suit against a third party after compensation had been paid, and White was concerned with estoppel of the right to seek compensation after the workman had executed a release to a third-party tort-feasor. In White, we held that the release barred the action for compensation. Admittedly, if Brown's administrator had recovered in the third-party action, White v. New Mexico Highway Commission, supra, would be controlling; but here there was a judgment for the defendant, entered after a jury trial, and therefore no one has 'received payment or recovered damages' and also claimed compensation. The statute plainly intends to prevent dual recovery, * *."

Our present situation differs from that present in Brown v. Arapahoe Drilling Co., supra, in that here there has been a recovery from the third party tortfeasor, whereas there the claimant had not "received payment or recovered damages." In our view of the language of the statute, this is the controlling and decisive consideration. Plaintiff having recovered his damages representing payment in full for his injuries—not merely partial reimbursement of lost pay as is true when he is paid workmen's compensation—he may not thereafter claim compensation in addition. To allow him to do so would amount to a receipt of payment or recovery of damages while at the same time claiming compensation which is specifically prohibited by the statute. In the light of our conclusion, it is apparent that the question of whether or not payment had been received on the date suit was filed is immaterial. Plaintiff is barred by the receipt of the amount adjudged against the third party tortfeasor whether actually paid before or after instituting this suit. We need not concern ourselves with what the situation would have been if payment of the judgment had not been made or accepted. However, we would call attention to Rushville School Tp. v. Mock, 86 Ind.App. 307, 157 N.E. 366.

Plaintiff argues that there is no double recovery since the recovery in the tort action was inadequate and defendants' payments are postponed until the entire amount received offsets all amounts that defendants are adjudged to pay in this action. However, it is quite apparent that in this argu-

ment plaintiff loses sight of the difference in the recovery against a tortfeasor and the receipt of compensation payments. We have already discussed this distinction. Plaintiff asks if the recovery had been only $1,000.00, whereas $2,000.00 in compensation had been received, would recovery be denied? He argues that such a small recovery would certainly not be held to prevent recovery of additional compensation. Without deciding the point, we can do no less than point out that under the reasoning adopted by us, we are not at all certain that plaintiff's assumption in this regard is correct.

No useful end would be accomplished by citing cases arising in the various states. The statutory provisions vary so greatly that little is gained by examining particular cases. However, reference is made to a series of A.L.R. notes on the general subject: 19 A.L.R. 766; 27 A.L.R. 493; 37 A.L.R. 838; 67 A.L.R. 249; 88 A.L.R. 665; 106 A.L.R. 1040. Also see 3 Schneider, Workmen's Compensation (Perm.Ed.) 180, § 834.

We note the case of Simonetti v. Munro Water Proofing Co., 282 App.Div. 899, 124 N.Y.S.2d 789, and Richardson v. United States Fidelity & Guaranty Company, 233 Miss. 375, 102 So.2d 368, relied on by plaintiff. The first of these cases held only that additional compensation payments and medical expense to be borne "or be incurred" were intended to be reimbursed out of a recovery received from a tortfeasor. It is clear that continuation of payments after a recovery of judgment was contemplated by the statute. The same is true in the second case where the statute being applied differs materially from our own. The difference in this regard between our own statute and that in New York was noted by us in Kandelin v. Lee Moor Contracting Co., supra. On the other hand, in White v. New Mexico Highway Commission, supra, we cited Tews v. C. F. Hanks Coal Co., 267 Mich. 466, 255 N.W. 227, and quoted from the Michigan statute and, while recognizing differences in language, commented that it was very much the same as our own. The Michigan case, along with a number of other cases from other jurisdictions, are cited by defendants in support of their position. As already noted, because of the wide variance in the statutes, we think that none of them can be considered as strong support.

We are satisfied that the conclusion to which we have arrived coincides with what would appear to us to be the only reasonable meaning to be derived from the words used in § 59–10–25, quoted supra, as well as with the reasoning of our decisions discussed above, and that under the facts here present plaintiff was not entitled to a recovery from his employer or its insurer. In view of our conclusion, the additional points argued for reversal need not be discussed.

The judgment of the trial court is reversed and the cause remanded with instructions to set aside the judgment, and to enter an order dismissing plaintiff's cause with prejudice.

It is so ordered.

CARMODY and CHAVEZ, JJ., concur.

COMPTON, C. J., and NOBLE, J., dissenting.

NOBLE, Justice (dissenting).

I am unable to agree with the majority that the language of Section 59-10-25, N.M.S.A.1953, requires a construction that a workman who has recovered damages in tort may not thereafter have a workmen's compensation award for the same injury if credit can be given the employer and his insurance carrier for the tort recovery.

It is axiomatic that an employee has the right to the compensation provided by statute unless it is denied by the workmen's compensation law. If, therefore, right to compensation is denied because the employee first recovered in tort against a third-party tortfeasor, it must be found in the following language of § 59-10-25, N.M.S.A.1953:

"* * * but he * * * shall not be allowed to receive payment or recover damages therefor and also claim compensation from such employer hereunder, and in such case the receipt of compensation * * * shall operate as an assignment to the employer * * of any cause of action, to the extent of the liability of such employer to such workman occasioned by such injury which the workman * * * may have against any other party for such injuries * * *."

Construing all of the parts of the statutory provision to obtain the legislative intent, Reed v. Styron, 69 N.M. 262, 365 P.2d 912, it is apparent that the intent was to subrogate the employer pro tanto to any recovery by the employee against a third-party tortfeasor immediately upon payment of any compensation. Kandelin v. Lee Moor Contracting Co., 37 N.M. 479, 24 P.2d 731. The employer's right to share in any recovery by the employee against a third-party tortfeasor not only accrues immediately upon his payment of any compensation benefit to the employee, but, in addition, his right to share therein is immediate not only to the extent of the compensation then paid but to the extent of his full *liability* to the employee.

Clearly, the statute is so worded that it gives to the injured employee an opportunity to obtain one full recovery, but prohibits him from receiving a double recovery for the same injury. Noblin v. Randolph Corp., 180 Va. 345, 23 S.E.2d

209. See also Johnson v. Miles, 188 Md. 455, 53 A.2d 30.

In Chapman v. St. John Drilling Co., 73 N.M. 261, 387 P.2d 462, an injured workman was held entitled to the larger of the workmen's compensation awards permitted by two or more states for his benefit so long as credit was given on the larger for a prior smaller award. It was said that the statute permits a single recovery for the employee's own benefit of the highest of two or more remedies. Where compensation has been paid, as in this case, it seems clear to me that the employer does then have a right to have any tort recovery by the employee credited against his compensation liability. The tort action must be in the employee's name but a judgment therein is pro tanto for the benefit of the employer to the extent of the employer's *liability* to the employee. Brown v. Arapahoe Drilling Co., 70 N.M. 99, 370 P.2d 816; Royal Indemnity Co. v. Southern Cal. Petroleum Corp., 67 N.M. 137, 353 P.2d 358.

Since it is the payment of some compensation that gives the employer the right to reimbursement, Kandelin v. Lee Moor Contracting Co., supra; Royal Indemnity Co. v. Southern Cal. Petroleum Corp., supra, it follows that under the language of the statute, the workman who recovers in tort before any compensation payment is received by him is barred from thereafter recovering compensation because, under such circumstances, there would be no right to reimbursement out of the tort recovery. Robbins v. National Veneer & Lumber Co., 120 Ind.App. 213, 88 N.E.2d 773. It is the prejudice to the employer's right of reimbursement by some act of the employee under such circumstances as would prevent recoupment by the employer that prevents an award in compensation after a recovery from a third-party tortfeasor. White v. New Mexico Highway Commission, 42 N.M. 626, 83 P.2d 457.

The legislature has provided two remedies to an injured workman: (1) his common law tort remedy against a third-party tortfeasor; and (2) the statutory compensation right, with the provision that the employee may only keep for his own benefit the larger of the two recoveries, that is, that he is actually limited to a single recovery for his own benefit. That must be the meaning of the language that "the right to receive payment or damages * * shall not be affected by this act." The language "shall not be allowed to receive payment or recover damages therefor and also claim compensation * * *" is followed by the words "and in such case, the receipt of compensation * * * shall operate as an assignment * * *" The words "in such case" can only refer to the previous language, i. e., if the workman has been paid some compensation and has recovered in tort from a third-party

tortfeasor, then the employer is entitled to reimbursement from the tort recovery not only to the amount of compensation he has paid but to his total liability to the employee for compensation benefits.

It is clear to me that the legislature contemplated the two remedies and only intended that the employee not receive two recoveries *for his own benefit*. That this is so is made clear by the fact that he may recover in tort against the third-party after receipt of compensation so long as the employer receives credit for his liability for compensation benefits. To hold that there may be a tort recovery only after a compensation award has been made is to place an extremely narrow construction on the legislative intent and one contrary to our express rules for construction of the workmen's compensation act. See Lucero v. C. R. Davis Contracting Co., 71 N.M. 11, 12, 375 P.2d 327, 328, where we said:

"The Workmen's Compensation Act is remedial in nature; is given a liberal interpretation by both the trial and reviewing courts; reasonable doubts must be resolved in favor of the employee; its beneficent purposes may not be thwarted by technical refinement or interpretation; * * *."

The employer's insurance carrier intervened in the tort action in this case, participated in the trial of the case, and was specifically subrogated in the judgment to the extent of the employer's liability to the employee. No prejudice has been urged and under the express provision of the tort judgment, the employee has only a single recovery for his own benefit.

For the reasons stated, the judgment of the lower court should be affirmed. I, therefore, dissent from the majority.

COMPTON, C. J., concurs in the dissent.