New Jersey Department of Labor,
Workmen's Compensation Bureau.

CARMELLA D'AMORE, PETITIONER, v. CITY OF NEWARK,
A CORPORATION, RESPONDENT.

Decided August 7, 1941.

For the petitioner, *Perry E. Belfatto* (*Harry Cohn,* of counsel).

For the respondent, *Raymond Schroeder* (*Thomas Parsonnet,* of counsel).

An application has been made for an order allowing a credit to the respondent, the City of Newark, in reduction of its liability for compensation under and by virtue of the judgment and award heretofore entered in the above entitled cause on the 3d day of August, 1938, in favor of Carmella D'Amore and four of her children (all of whom were determined to be total dependents of Fillipo D'Amore, deceased, within the meaning of the Workmen's Compensation Act) by reason of a recovery obtained by the said Carmella D'Amore as general administratrix and administratrix *ad prosequendum* of the estate of Fillipo D'Amore, deceased, from the United Color & Pigment Co. and others, the third party tort feasors whose negligence is alleged to have been responsible for the death of the decedent.

While the deceased employee, Fillipo D'Amore, left him surviving his widow, Carmella D'Amore, the petitioner, and

ten children, who were born of the marriage, the Workmen's Compensation Bureau in the aforesaid judgment and award determined that only the widow and four of said surviving children, namely Natala D'Amore, James D'Amore and Antonio D'Amore, sons, and Margherita D'Amore, daughter, were total dependents within the meaning of the Workmen's Compensation Act. Accordingly compensation to said total dependents was ordered to be paid.

The gross third party recovery of $6,000 obtained in this case is required, in accordance with the statute in such case made and provided, *N. J. S. A.* 2:47-4, to be distributed (after deduction of legal fees and expenses) to the said widow, and the ten surviving children. Therefore only that portion of the distributive share to which the aforesaid five total dependents are entitled, as limited by the amount of the compensation award, can be used as a base for the computation of the credit sought. The respondent can claim no credit for that portion of the third party recovery to which persons, other than the compensation dependents, are entitled. Nor can it claim credit for any part of the third party recovery obtained by the dependents which exceeds the amount of the compensation award to each of the said dependents.

The statute *N. J. S. A.* 34:15-13 (h) provides: "Distribution [of compensation] shall be made among the dependents, if more than one, according to order of the Workmen's Compensation Bureau, which shall, when applied to for that purpose determine, upon the facts being presented to it, the proportion to be paid to or on behalf of each dependent according to the relative dependency. Payment on behalf of infants shall be made to the surviving parent, if any, or to the statutory or testamentary guardian." The record in this case fails to disclose any application to the bureau for an order determining the proportion of compensation to be paid to or on behalf of each dependent.

Since under the provisions of the act *N. J. S. A.* 34:15-13 (g) dependency shall be conclusively presumed as to the decedent's widow and natural children under sixteen years of age who were actually part of the decedent's household at the time of his death, and since no application for an order of

distribution of said compensation payments was made, it must be assumed that the several dependents were entitled to same, share and share alike for the respective periods provided in the determination and award. A reading of the applicable portion of the statute lends itself to no other conclusion, inasmuch as there is no specific statutory authority to pay one dependent more than the others unless it is specifically so determined by the bureau, upon a proper application as aforesaid.

Thus the total amount of compensation payable under the award, until the dependent Natale D'Amore attained the age of sixteen on February 26th, 1939, was the sum of $766.85. One-fifth of this amount or $153.37 represents the share to which said dependent is entitled. Consequently only so much of the distributive share of the third party recovery due to Natale D'Amore as equals the compensation due him can be employed in arriving at the base for the computation of the credit sought. Employing the same method of computation, it appears that the other dependent children, James D'Amore, Antonio D'Amore and Margherita D'Amore are each entitled to receive compensation in excess of the distributive share of $400 due each of them from the third party recovery. Therefore, their full distributive share is to be employed in computing the base for the credit. The amount of the dependency award to which the widow, Carmella D'Amore, would be entitled, computed on the basis above indicated, would be $1,476,67, and that sum is to be likewise included. Consequently the total amount of the third party recovery obtained by these compensation dependents is the sum of $2,830.04.

In accordance with the statute, *N. J. S. A.* 34:15-40, as interpreted by the Court of Errors and Appeals in *Savitt* v. *L. & F. Construction Co.,* 124 *N. J. L.* 173; 10 *Atl. Rep.* (2*d*) 728, the credit to which the respondent herein is entitled by reason of the third party recovery, on account of its compensation liability under the aforesaid award in the total amount of $4,625.14 (after making allowance for $100 expenses of suit as agreed upon by the parties hereto) is the sum of $1,188.31. In addition the respondent has heretofore paid to June 27th, 1941, on account of said award, the sum

of $2,607.78. Thus it is to be credited in the total sum of $3,796.09, leaving a balance due as of June 27th, 1941, of $829.05, which the respondent is to pay in accordance with the terms and provisions of the Workmen's Compensation Act.

It is, therefore, * * * ordered that the compensation liability of the respondent, City of Newark, a corporation, as determined by the judgment and award of the Workmen's Compensation Bureau dated August 3d, 1939, in the above entitled cause, be and the same is hereby credited with the sum of $1,188.31 the net statutory third party recovery of the petitioner and the other compensation dependents herein; and

It is further ordered and determined that after applying said credit and the payments heretofore made by the respondent to June 27th, 1941, in the amount of $2,607.78, there is still due from the respondent to the petitioner under the aforesaid award and judgment, the sum of $829.05, which the respondent is directed to pay in weekly installments of $12.80 each, beginning with June 27th, 1941, and continuing until the dependent Margherita D'Amore attains the age of sixteen years on June 2d, 1944, and thereafter at the rate of $11.20 per week until the said balance is fully paid.

HARRY S. MEDINETS,
*Deputy Commissioner.*