RICHARDSON *v.* U. S. F. & G. COMPANY

No. 40786 April 28, 1958 102 So. 2d 368

*Swep S. Taylor, Jr.,* Jackson; *Joseph E. Brown,* Natchez, for appellant.

*Watkins & Eager, Elizabeth Hulen,* Jackson, for appellee.

GILLESPIE, J.

This appeal involves the extent of the subrogation rights of the compensation carrier to the proceeds of a judgment against a third-party wrongdoer under Section 30 of the Workmen's Compensation Act. The facts are not in dispute.

Charles Zack Richardson (claimant) was gravely injured in an accident arising out of and in the course of his employment with Clinch Drilling Company (employer). In due course, United States Fidelity and Guaranty Company (carrier) began paying compensation benefits under the Mississippi Workmen's Compensation Act, including weekly compensation of $25.00 per week and medical benefits. Claimant filed suit in the Circuit Court of Adams County against G. L. "Doc" Fife and Son, Inc., alleging that the latter had negligently caused claimant's injuries, and demand was made in said suit for damages for loss of earnings, permanent pain and suffering, medical expenses, and other elements allowable in suits for personal injuries. The carrier intervened in said suit and showed as its interest therein the amount of compensation benefits it had paid claimant and its liability for the payment of future liability under its Workmen's Compensation policy issued to the employer.

The third-party action against G. L. "Doc" Fife and Son, Inc., was settled for the sum of $50,000, and judgment was entered on May 24, 1957 in that amount in favor of claimant and the intervenor, the carrier. The judgment provided that the sum should be paid to the circuit clerk, who was ordered to disburse said sum by paying the attorneys for plaintiff the sum of $16,666.67, as the reasonable cost of collection, with the balance to be disbursed as follows: To the carrier the amount of is legal liability as fixed by the Workmen's Compensation Commission, and the balance to claimant. It was ordered that the circuit clerk transmit a copy of the judgment to the Workmen's Compensation Commission.

Claimant and his wife, and carrier, released G. L. "Doc" Fife and Son, Inc., upon the payment of $50,000 to the clerk, but claimant and his wife each reserved all rights as between them and the carrier.

The claimant, employer, and carrier filed a joint petition with the Workmen's Compensation Commission requesting an order of the Commission fixing the legal liability of the carrier and employer under the terms of the Workmen's Compensation Act, and for a certification thereof to the Circuit Clerk of Adams County. Claimant filed with the Commission a separate petition requesting the Commission to hold that neither the employer nor the carrier were entitled to subrogation or that they were entitled at most to subrogation only for medical benefits and compensation benefits paid prior to the date of the circuit court judgment of May 24, 1957.

The Workmen's Compensation Commission entered its order reciting the foregoing proceedings, and held that prior to May 24, 1957, the date of the third-party judgment, the carrier had paid to or for claimant medical and hospital expenses and compensation to the extent of $15,375.54, and had paid additional benefits in the interim so that the total of such benefits paid to July 23, 1957, was $15,635.32; and found that claimant was totally and permanently disabled and would probably need additional medical treatment for his injuries. The Commission's order recited that it had no way to determine the future liability of carrier. The Commission then declined to make any finding or decision relative to the subrogation rights as between the parties, stating that such questions were not before it. From this order, the employer and carrier appealed to the Circuit Court of Adams County, as did claimant.

The circuit court reversed the Commission in part, and on the 8th day of August, 1957, entered its order finding (on stipulation of parties) that the total benefits paid by carrier to claimant to the date of this order

amounted to $15,710.83; and that under Section 30 of the Act (Section 6998-36, Mississippi Code of 1942), the $50,000 in the hands of the clerk of the court should be disbursed as follows: (1) The cost of collection amounting to $16,666.67, as allowed in its previous order; (2) to carrier the sum of $15,710.83 theretofore paid out by it in compensation benefits; and (3) the balance of $17,622.50 to claimant. It was ordered that the future liability of the employer and carrier to pay compensation benefits to claimant for the latter's said injuries be credited with said sum of $17,622.50, and the employer and carrier were authorized and empowered to suspend any and all future payments and benefits under the Workmen's Compensation Act, including disability benefits and medical service and supplies, and any other compensation benefits under the Act on account of the injury to claimant on August 14, 1955, until such time as the Mississippi Workmen's Compensation Commission shall fix and determine by final order the date on which the legal liability of employer and carrier accruing after July 28, 1957, equal the sum of $17,622.50. In other words, the employer and carrier were authorized and empowered to suspend all future compensation benefits until such suspended benefits, which the carrier and employer would otherwise have to pay, equal said sum of $17,622.50. The order further provided that such suspension shall not cause any statute of limitation to run. It was also ordered that the amount of compensation benefits for which the employer and carrier is hereafter to become liable, but which were suspended as stated, be determined by the Workmen's Compensation Commission under the provisions of the Act in force at the time of claimant's injury and in accordance with the rules and regulations of the Commission, and the cause was remanded to the Commission for enforcement of the judgment.

The question is whether the balance of the recovery against the third-party wrongdoer remaining after the

payment of costs of collection and reimbursing the compensation carrier of the amount of compensation benefits paid claimant prior to the date of the judgment against the third-party wrongdoer, shall be used to discharge the future liability of the employer and carrier accruing after the date of the judgment against the third-party wrongdoer.

Appellant does not contend that the carrier should not be reimbursed the sum paid in compensation benefits prior to the date of the judgment against the third-party wrongdoer, but contends that such reimbursement should be the extent of the subrogation rights of the carrier and employee. In other words, claimant contends that he should receive the net proceeds of the judgment, amounting to $17,622.50, and continue to draw compensation benefits as provided by the Act.

The question is resolved by reference to Section 30 of the Mississippi Workmen's Compensation Act (Section 6998-36, Mississippi Code of 1942), which provides that when a compensation beneficiary brings an action for his injuries against a third-party wrongdoer, and if such employer or insurer join in such action, the net proceeds of such action shall be applied as follows: (1) "The reasonable cost of collection," and (2) "the remainder, or so much thereof as is necessary, shall be used to discharge the legal liability of the employer or insurer," and (3) "any excess shall belong to the injured employee or his dependents."

The express provisions of the Act provide for the use of the net proceeds of the collection from the third-party wrongdoer to discharge the liability of the employer or insurer, and there is no implication that such proceeds should be used to discharge only that part of the liability of the employer or insurer which has been paid or accrued at the time of the collection of such proceeds, and there is no rational basis for limiting the subrogation rights of the employer and insurer to reimbursement

of the amount paid or accrued prior to collection of the proceeds of the suit from the third party.

Professor Larson, in Larson's Workmen's Compensation Law, Section 71.10, says that the basic concept underlying third-party actions is the simple moral idea that the ultimate loss from the wrongdoer should fall upon the wrongdoer. The same authority states: "But it is not true in any jurisdiction having a third party statute that the employee may *keep* both recoveries." Ibid., Section 71.20, Footnote. Appellant cites no authority sustaining his contention. There are cases from other jurisdictions which have statutes similar to this State, and those cases sustain appellee's contentions; but we need not rely on authorities from other jurisdictions when our statute is so plain and unambiguous that to adopt appellant's contention would amount to judicial amendment of a legislative act.

Appellant contends that the dispositon of the case made by the lower court violates Article III, Section 14, of the Constitution of the State of Mississippi, and the Fourteenth Amendment to the Constitution of the United States in that appellant's property is taken without due process of law. But in the absence of any authority for this contention, we must assume there is none.

██ ■ When a recovery is made by a compensation beneficiary from a third-party wrongdoer under the provisions of Section 30 of the Act (Section 6998-36, Code of 1942), the balance of the proceeds remaining after the payment of the costs of collection, or so much as is necessary, shall be used to discharge all the liability of the employer or insurer including that to accrue in the future as well as that already paid or accrued; and where the future liability of the employer or insurer is not ascertainable at the time of such recovery, the net proceeds of such recovery remaining after payment of the reasonable costs of collection and the reimbursement of the employer or insurer to that date, shall be paid over to

the compensation beneficiary; whereupon, the employer and insurer are authorized to suspend payment of such compensation benefits as they may be liable for under any provision of the Act until such suspended benefits, which the employer or insurer would have paid except for such suspension, equal the amount of the third-party recovery paid to the compensation beneficiary. The case should remain an active one on the records of the Commission so that under appropriate administrative procedure the rights of all parties may be protected and the liability of the employer and insurer for compensation and medical service or supplies can be appropriately determined under the provisions of the Act in force when claimant was injured. Such suspended payments shall be credited with the net proceeds received by the compensation claimant.

 █ It is possible that liability for death benefits could accrue in this case under Section 9 of the Act (Section 6998-13, Code of 1942). Apparently under the impression that appellee's subrogation rights for such possible liability were not at issue, the lower court specifically provided that the employer and insurer should not be entitled to subrogation therefor. This action is made the subject of a cross-appeal by appellee. Claimant does not answer the cross-appeal. Of course, from what has been said, it follows that the balance of the third-party recovery, or so much as is necessary, shall be used to discharge all the liability of the employer or insurer, and this includes any death benefits for which the employer and insurer may become liable. Paragraph 6 of the judgment of the lower court is modified so as to strike therefrom the following words, "but not including possible future legal liability under Section 9", and substituting therefor the following: "including possible future legal liability under Section 9".

The case is affirmed on direct appeal, and the case remanded to the Circuit Court of Adams County where the $50,000 held by the clerk of that court shall be dis-

bursed as follows: (1) The cost of collection as previously determined, (2) to the carrier the amount of compensation benefits theretofore paid to or for claimant, and (3) the balance to claimant. Upon the completion of such disbursement the final order reflecting such amounts should be certified to the Mississippi Workmen's Compensation Commission.

No point is raised on this appeal as to the correctness of the procedural route this case has followed since the entry of the judgment in the third-party action; nor do we infer that the procedure was not proper.

Affirmed on direct appeal, modified on cross-appeal, and remanded.

*McGehee, C. J.,* and *Hall, Kyle,* and *Arrington, JJ.,* concur.