199 So.2d 813 (1967)
The MERCHANTS COMPANY and Milton T. Johnson
v.
Dewey L. HUTCHINSON.
No. 44462.
Supreme Court of Mississippi.
June 12, 1967.
Suggestion of Error Overruled July 10, 1967.
*814 Dudley W. Conner, Hattiesburg, for appellant.
George Grubbs, Mendenhall, Kervin & McIntosh, Collins, for appellee.
M.M. Roberts, Hattiesburg, for intervenor.
ROBERTSON, Justice:
This is the second appearance of this case before this Court. The first trial resulted in a $100,000 jury verdict in favor of the Plaintiff, Dewey L. Hutchinson, and against the Defendants, The Merchants Company and Milton T. Johnson. Because of erroneous instructions granted, the judgment of the trial court was reversed and the cause remanded for a new trial. The second trial resulted in a $125,000 jury verdict for the plaintiff. The judgment provided that $14,575.42 of this amount would be paid to the intervenor, Great American Insurance Company, to reimburse it for medical expenses and workman's compensation paid to the plaintiff. Appellants appeal from this judgment.
The accident happened about 9:15 a.m. on December 10, 1962, at the intersection of U.S. Highway 49 and a gravel road known as Sunset Road. At the point of the intersection, Highway No. 49 runs generally in a north-south direction, and Sunset Road runs generally in a southeast-northwest direction.
The appellee and two fellow employees of Willmut Gas and Oil Company were on their way from Magee to Collins to repair a gas meter. They were riding in a pick-up truck owned by Willmut and driven by Haley Roberts. They were proceeding south on U.S. Highway 49 when the truck owned by Appellant, The Merchants Company, and driven by Appellant, Johnson, north on Highway 49, attempted to turn left and cross the south-bound traffic lane of Highway 49 and enter Sunset Road. The collision occurred slightly west of the paved highway and the appellee was seriously and permanently injured. An excellent and detailed statement of facts is contained in the opinion of this Court written by Justice Inzer, on the first appearance of this case here, which opinion is recorded in 186 So.2d 760 (Miss. 1966). We deem it unnecessary to restate those facts.
*815 The appellants have assigned many errors, but we feel that only the following merit discussion:
III.
The court erred in overruling objections made by these defendants to evidence offered by the plaintiff and intervenor.
IV.
The court erred in admitting evidence of the amount of the verdict in the former trial.
VII.
The court erred in granting the instruction requested by the intervenor, Great American Insurance Company.
IX.
The verdict of the jury is so excessive and monstrous as to evince bias, passion, mistake or prejudice on the part of the jury.
It should be noted at the outset that Honorable M.M. Roberts was attorney only for the insurer, Great American Insurance Company. The appellee was represented by three other highly competent and experienced attorneys. As the insurance carrier of Willmut Gas and Oil Company, Great American intervened in the suit brought by appellee against appellants.
Mississippi Law is clear and unambiguous on the procedure to be followed by the employer or its insurer in intervening or joining in the cause of action. It is equally clear and unambiguous in setting forth the mandatory distribution to be made of any amount recovered. Section 6998-36, Mississippi Code of 1942 Annotated, provides:
"The acceptance of compensation benefits from or the making of a claim for compensation against an employer or insurer for the injury or death of an employee shall not affect the right of the employee or his dependents to sue any other party at law for such injury or death, but the employer or his insurer shall be entitled to reasonable notice and opportunity to join in any such action or may intervene therein. If such employer or insurer join in such action they shall be entitled to repayment of the amount paid by them as compensation and medical expenses from the net proceeds of such action (after deducting the reasonable costs of collection) as hereinafter provided.

The commencement of an action by an employee or his dependents (or legal representative) against a third party for damages by reason of the injury, or the adjustment of any such claim, shall not affect the right of the injured employee or his dependents (or legal representative) to recover compensation, but any amount recovered by the injured employee or his dependents (or legal representative) from a third party shall be applied as follows: Reasonable costs of collection as approved and allowed by the court in which such action is pending, or by the commission of this state in case of settlement without suit, shall be deducted; the remainder, or so much thereof as is necessary, shall be used to discharge the legal liability of the employer or insurer, and any excess shall belong to the injured employee or his dependents. The employee or his dependents bringing suit against the third party must notify the employer or carrier within fifteen days of the filing of such suit. (Emphasis added)
In spite of the fact that the application of any amount recovered by the employee against a third party is specifically covered and clearly outlined in the statute, the attorney for the intervenor attached as an exhibit to his petition and discussed at great length before the jury an "Agreement with Assignment" which disclosed that a $100,000 judgment was entered on May 29, 1965, on the first trial in favor of the appellee and against the appellants. This Agreement *816 with Assignment was then admitted in evidence as a full exhibit to the appellee's testimony.
It was entirely unnecessary and uncalled-for for the intervenor to repeatedly bring to the attention of the jury the $100,000 judgment against the defendants rendered on the first trial of this case. It was highly prejudicial to the appellants and error on the part of the trial court to admit such evidence.
This Court has stated on numerous occasions that as a general rule the result of a former trial or the opinion and mandate of the appellate court are not proper evidence in the retrial of a cause of action. This rule was again stated in 1966 in the case of Miller Transporters, Ltd. v. Espey et al., 187 So.2d 876 (Miss. 1966).
In Gulf, Mobile & Northern R. Co. v. Weldy, 195 Miss. 345, 14 So.2d 340 (1943), in reversing a judgment for the plaintiff, this Court said:
"Moreover, it is generally held to be improper for counsel to inform the jury as to the result of a former trial in either his opening statement or his argument, or on an appeal from a judgment of a justice's court to acquaint the jury with the result of the trial below, * * *."
"Moreover, no decisions holding that the finding of a jury on a former trial may be commented on have been called to our attention. If the result of a former trial is to influence or control the action of the jury on a new trial, then its purpose would be defeated. The effect of the argument complained of, whether so intended or not, would be to admonish the jury that the testimony which the plaintiff was asking it to accept as true, may not after all be so incredible as it may at first seem, or as contended for by the defendant, since one jury of twelve good men had already believed it and acted upon it  a fact that may cast such weight into the scales as would cause some jurors to agree to a verdict in a case where they would not otherwise do so; and especially so where there is a close question as to whether impartial men of sound judgment could reasonably believe the testimony on which the verdict is sought, and prudently act thereon.
"The consideration last above mentioned was given effect by this court in the case of Berry v. State, Miss., 22 So. 826, 827, wherein it was held to be reversible error for the district attorney to refer to a previous trial of a different defendant, on which one of the jurors in the instant case had also served, and to say that in the former case the defendant had been convicted, although `he put up a far better defense than this defendant has, and twelve good men thought he was guilty', etc. The court held there that the error consisted in the injurious effect of the remarks, and that the fact that the district attorney did not know that one of the jurors had served on the former trial was not the point. In the case at bar, when we consider the principle announced in the Berry case, supra, to the effect that reversible error consists, if at all, in the injurious effects of the remark complained of, we are unable to say that it would not be equally prejudicial, if not more so, to comment on the decision of the jury on a former trial where the same litigant was involved and where the verdict in his favor is supported by substantially the same testimony as to the main point at issue as that offered by such litigant on the trial then in progress.

* * * * * *
"But it is urged that the bill of exceptions taken to the argument complained of is insufficient in that the defendant did not state the basis of the objection to the argument, nor ask the court to instruct the jury to disregard it. However, where the reason for the objection is obvious, it is not required that the trial court should be informed of the *817 ground of such objection by an express statement of the same; and where the objection has been overruled, it is not required that the objector should ask the court to exclude from the consideration of the jury that which the court has already held to be competent." (Emphasis added) 195 Miss. at 355-357, 14 So.2d at 343-344.
There are many points of similarity between Weldy and the case at bar, even to the argument of appellee that the ground of objection was not stated. This Court in Weldy specifically ruled out that argument where the reason for the objection was obvious. Counsel for the intervenor was allowed to cross-examine Appellee Hutchinson even though it was obvious that appellee's and intervenor's interest in making common battle against appellants was the same. Intervenor used his cross-examination to bolster the appellee's cause and to repeatedly bring to the attention of the jury testimony favorable to the appellee. This was error on the part of the trial court.
It was unnecessary, improper and erroneous for the trial court to allow counsel for the intervenor to introduce as a full exhibit the complete Workmen's Compensation Commission file on the appellee's claim for compensation.
The trial court granted the intervenor the following instruction to the jury:
"The court instructs the jury for the intervenor, Great American Insurance Company, that the claim of the intervenor is against the recovery, if any, the plaintiff obtains against the defendants; and in this case if the plaintiff recovers from the defendants by reason of injuries suffered by the plaintiff in accident about which testimony has been furnished in the trial of this cause, then the amount recovered by the plaintiff from the defendants, if any, shall have first deducted therefrom reasonable costs of collection as approved and allowed by the court, and the remainder, if any, or so much thereof as is necessary, shall be used to discharge the claim of the intervenor, and any excess, if there be recovery, shall belong to the plaintiff; and the amount expended by Great American Insurance Company, the intervenor, is in the sum of $14,575.42."
It is hard to understand how the trial judge and the attorney for the intervenor could again fall into the error of submitting this question to the jury with past decisions of this Court repeatedly analyzing and interpreting Section 6998-36, supra, before them.
In Richardson v. United States F. & G. Co., 233 Miss. 375, 378, 102 So.2d 368 (1958), this Court, in beginning its opinion, stated the question involved thusly:
"This appeal involves the extent of the subrogation rights of the compensation carrier to the proceeds of a judgment against a third-party wrongdoer under Section 30 of the Workmen's Compensation Act."
The opinion then goes on to decide the question in no uncertain terms:
"The question is resolved by reference to Section 30 of the Mississippi Workmen's Compensation Act (Section 6998-36, Mississippi Code of 1942), which provides that when a compensation beneficiary brings an action for his injuries againts a third-party wrongdoer, and if such employer or insurer join in such action, the net proceeds of such action shall be applied as follows: (1) `The reasonable cost of collection,' and (2) `the remainder, or so much thereof as is necessary, shall be used to discharge the legal liability of the employer or insurer,' and (3) `any excess shall belong to the injured employee or his dependents.'

"The express provisions of the Act provide for the use of the net proceeds of the collection from the third-party *818 wrongdoer to discharge the liability of the employer or insurer, and there is no implication that such proceeds should be used to discharge only that part of the liability of the employer or insurer which has been paid or accrued at the time of the collection of such proceeds, and there is no rational basis for limiting the subrogation rights of the employer and insurer to reimbursement of the amount paid or accrued prior to collection of the proceeds of the suit from the third party." (Emphasis added) 233 Miss. at 381-382, 102 So.2d at 370.
"* * * There are cases from other jurisdictions which have statutes similar to this State, and those cases sustain appellee's contentions; but we need not rely on authorities from other jurisdictions when our statute is so plain and unambiguous that to adopt appellant's contention would amount to judicial amendment of a legislative act." (Emphasis added) 233 Miss. at 382, 102 So.2d at 371.
"* * *"
"When a recovery is made by a compensation beneficiary from a third-party wrongdoer under the provisions of Section 30 of the Act (Section 6998-36, Code of 1942), the balance of the proceeds remaining after the payment of the costs of collection, or so much as is necessary, shall be used to discharge all the liability of the employer or insurer including that to accrue in the future as well as that already paid or accrued; and where the future liability of the employer or insurer is not ascertainable at the time of such recovery, the net proceeds of such recovery remaining after payment of the reasonable costs of collection and the reimbursement of the employer or insurer to that date, shall be paid over to the compensation beneficiary; whereupon, the employer and insurer are authorized to suspend payment of such compensation benefits as they may be liable for under any provision of the Act until such suspended benefits, which the employer or insurer would have paid except for such suspension, equal the amount of the third-party recovery paid to the compensation beneficiary." (Emphasis added) 233 Miss. at 382-383, 102 So.2d at 371.
In Whitten v. Land, 188 So.2d 246, 250, (Miss. 1966), this Court, in ruling on a similar instruction said:
"Williams, Wigley & Culp, and Whitten assign as error the granting of Instruction No. 6 on behalf of Land. This instruction instructed the jury that Land would be compelled to repay his employer all amounts that he had received under the provisions of the Workmen's Compensation Act. While this instruction contained a correct statement of the law, it was not a matter in this case for the jury to be concerned with. There was no issue relative to this feature and its only effect could be to invite the jury to inflate its award. This instruction should not have been given." (Emphasis added)
There was no question for the jury to decide with reference to reimbursement of the intervenor of amounts paid the appellee. It was a matter of law and mandatory on the court alone to provide in its judgment for the distribution of any verdict rendered in strict accordance with Section 6998-36, supra. It was error for the court to grant the quoted instruction for the intervenor.
This case was unusual in still another aspect of the trial. The arguments of counsel to the jury were recorded. The attorney for the intervenor said, among other things:
"After all though, I should not overlook the fact that Mr. Hutchinson sits over there, he's the plaintiff. You know that fellow was hurt on December the 10th, 19 Hundred and 62, more than four and a half years ago, and you've heard the testimony of the doctors say *819 that the man has a bone in his hip that is decaying and rotting away, dead bone. Why? Because of this accident, an accident where this man was not driving, he was only riding in an automobile, he wasn't the driver of it. And then there was another driver going in the other direction, he made a left turn. You've heard how he made the left turn. You know for yourself whether he got up to the intersection and come across, or whether he cut across before he got there, or whether he went over the yellow line, whether the accident actually happened at the intersection or whether it happened before he got to the intersection, you've heard that. But even so, this man here, the plaintiff, was only riding in that vehicle, not a driver and, therefore, not manually controlling the vehicle, and here is this man with all of these injuries.
And the opposition says the way to cure it is to cut off the bone, go in there and cut off that top end and then take a piece of metal and put in there and some kind of a ball and stick that back into the flesh and the tissues there where it belongs and from there  from there he'll go along. He can't stand long, the doctor says, on that kind of a thing. But that's the kind of  that's a substitute, not substitute, that's a replacement, replacement with metallic substance into the thigh of this man who is crippled now, and you've seen him here with his crutches, how he's manipulating himself. And I say, men of the jury, that he is entitled to a substantial verdict. He is entitled to a verdict of size. He is entitled to a judgment that would cover the pain and suffering and the losses for his inability to work and the necessity that is about him to have to be operated on again and cut out a part of that which normally is with him 
Mr. Conner: Excuse me. If the Court please, I object to counsel arguing the case of the plaintiff and not the case of the intervenor, and I object to it.

MR. ROBERTS: If the Court please, I'd like to say in this connection that what I am trying to do is to say this: That after all, the Great American Insurance Company has paid out fourteen thousand five hundred and seventy-five dollars and forty-two cents, and I was only trying to say to the jury you take a look at that, you take a look at the serious injuries this man's had, and you're going to find for enough that it will be more than that amount that has been recovered because he's entitled to it and it's not the question, they can't recover for me unless they first recover for the plaintiff, and that was the idea I had in mind and that only. I'm not saying  I'm here only for the intervenor, but if the plaintiff doesn't recover the intervenor won't recover, and I'm saying that the plaintiff is seriously injured and that he's in a bad shape and all these requirements are about us, and the only way that this man can ever be paid is to get some money and out of that money he gets, if he's entitled to it, and if the jury thinks he's entitled to it, I want them to find for him. Now, if you don't think he's entitled to it, men of the jury, don't give him anything. Don't give him anything. I'm not entitled to anything if he doesn't recover. He has to recover first. My argument is that to you, and that and that alone.

Mr. Conner: There is a pending objection I would like ruled on.

The Court: Sir?

Mr. Conner: I said there's a pending objection that I'd like ruled on.

The Court: Let the objection be overruled.

*820 Mr. Conner: I now move the Court to enter a mistrial.

The Court: Overruled.

Mr. Roberts: My five minutes, I believe, is up, Judge. I've got one more minute?
One more minute, men of the jury. Well, I don't know what I can say in that minute. The only thing I want you to know is this: That I represent a Company that has paid out fourteen thousand five hundred and seventy-five dollars and forty-two cents, and I hope that I'll get that money back, and my desire to get that money back carries with it the desire that the plaintiff prevail for a sufficient amount that I may get it." (Emphasis added)
That argument to the jury by counsel for the intervenor was prejudicial error. All that was necessary for the intervenor to do was to let the court know how much had been expended by the insurance carrier, either by a petition to intervene or by a petition to join in the cause of action; thenceforth, Mississippi Law mandatorily provided for the distribution of any verdict rendered. Section 6998-36, supra.
The appellant's case was prejudiced by the actions of the intervenor as heretofore pointed out. We believe, however, that these errors affected the amount of the damages only. These errors influenced the jury and caused them to return an excessive and exorbitant verdict.
We find that the judgment should be reversed and the cause remanded for a new trial unless the appellee, within 15 days from the date the judgment of this Court becomes final, remits $50,000 of the $125,000 judgment. If this remittitur is made, the judgment is affirmed for $75,000; otherwise, the judgment is reversed and the cause remanded for a new trial.
Affirmed with remittitur; otherwise reversed and remanded.
ETHRIDGE, C.J., and JONES, BRADY and INZER, JJ., concur.