MARY EVELYN ROBERTS, PETITIONER-RESPONDENT, v. ALL AMERICAN ENGINEERING COMPANY, RESPONDENT-APPELLANT.

Ocean County Court
Law Division

Decided February 15, 1968.

*Mr. Charles J. Casale, Jr.* for petitioner-respondent (*Messrs Pellettieri and Rabstein,* attorneys).

*Mr. William G. Freeman,* for respondent-appellant (*Messrs. Freeman and Freeman,* attorneys).

HUBER, J. C. C. Respondent company appeals from a death benefit award made to petitioner.

The facts are undisputed. On July 31, 1962 Everett Roberts, now deceased was awarded $18,000 compensation for total and permanent disability due to an occupational disease contracted through his continued exposure to large amounts of ethylene glycol. In May 1961 Roberts had obtained a verdict in the sum of $210,000 in an action brought in federal District Court against third-party tortfeasor Union Carbide. The verdict was affirmed by the Third Circuit Court of Appeals in April 1963. The compensation carrier of Roberts' employer has been reimbursed for its payments made under the compensation award and trial expenses. This same disease caused Roberts' death on June 16, 1966.

The question presented is whether the respondent employer is entitled to set off the amount of the third-party award against dependency benefits. The compensation judge held that it was not entitled to any credit and granted petitioner the statutory dependency benefits.

*N. J. S. A.* 34 : 15–40(b) sets forth the employer's or his carrier's right to reimbursement from the employee or his dependents out of a third-party award. Respondent contends that an award from employee's third-party tortfeasor should release an employer from all future liability, whether to that employee or his dependents, otherwise there will be double recovery.

Our Supreme Court has pointed out that the Workmen's Compensation Act is to be liberally construed in favor of the workman and to avoid harsh results. *Panchak v. Simmons Co.,* 15 *N. J.* 13 (1954) ; *Close v. Kordulak Bros.,* 44 *N. J.* 589, 604 (1965). In the instant case, even though Roberts may have squandered his third-party award prior to his death (and there is no evidence contrary), respondent would

have this court construe the statute in such a way as to preclude any award for his dependents, thus possibly making public charges of them. This would be a result which the Legislature has sought to avoid by passage of the dependency amendments and which this court deems to be *contra* to the spirit and purpose of dependency benefits. For a detailed analysis of the Workmen's Compensation Act as it pertains to dependency matters, see *Stellmah v. Hunterdon Co-op. G. L. F. Service, Inc.*, 47 *N. J.* 163, 169–170 (1966) ; *Petrozzino v. Monroe Calculating Machine Co., Inc.*, 47 *N. J.* 577, 584 (1966).

█ █ A dependent's rights are set forth in a separate section of the statutes and arise independently of the employee's rights. *Eckert v. N. J. State Highway Department,* 1 *N. J.* 474 (1949) ; see also 2 Larson *Workmen's Compensation,* §§ 64, 64.10, *p.* 123. The case at bar is different from that of *Prudential Insurance Company of America v. Laval,* 131 *N. J. Eq.* 23 (*Ch.* 1942), wherein the carrier was held entitled to a set-off against monies received by the wife in a suit brought by her as executrix, for her husband's pain and suffering and for his wrongful death. Even there, the vice chancellor pointed out that "the insurance carrier's right to reimbursement out of the third party recovery effected in the instant case extends and is limited to only such rights as the decedent's widow herself, who was his sole dependent, has therein" (at *p.* 31, 23 *A. 2d,* at *p.* 913). *See also D'Amore v. City of Newark,* 19 *N. J. Misc.* 532, 21 *A. 2d* 630 (*W. C.* 1941).

Similar results have been reached in other jurisdictions. *Schwabacher v. International Salt Company,* 298 *N. Y.* 726, 83 *N. E. 2d* 140 (*Ct. App.* 1948) ; *Cresci v. Mike Krasilousky Trucking Co.,* 5 *A. D. 2d* 569, 172 *N. Y. S. 2d* 322 (*App. Div.* 1958) ; *Laird v. State of Vermont Highway Dept.,* 112 *Vt.* 67, 20 *A. 2d* 555 (*Sup. Ct.* 1941). Respondent cites a Mississippi case, *Richardson v. United States Fidelity and Guaranty Co.,* 233 *Miss.* 375, 102 *So. 2d* 368 (*Sup. Ct.* 1958), wherein the court did state that a third-

party recovery made by an injured employee could be used as a credit against a later claim for dependents' benefits. However, insofar as the exact factual situation was not before the court, that part of the decision is *dictum*.

Respondent's argument that the possibility of Robert's untimely death was taken into consideration by the jury in reaching a verdict in the third-party suit is sheer speculation. A perusal of the Third Circuit Court's decision in that case nowhere reveals this. The damages received by decedent in that case were for his use only, to do with as he pleased. The fact that some portion of that award may now be in the hands of his dependents is of no moment.

For the reasons stated above, the judgment of the Division of Workmen's Compensation is affirmed.