RODGERS, Justice:
This case came to this Court from a final judgment of the Circuit Court of Lee County, Mississippi. The resulting judgment grew out of a damage suit for personal injuries caused to the appellant, William T. Tadlock, in a litigation brought against Robert T. Wilson and others, defendants.
The United States Fidelity & Guaranty Company (hereinafter referred to as U. S. F. & G.) was the workmen’s compensation carrier in an insurance policy covering Mr. Tadlock’s employer. The U. S. F. & G. intervened as a party plaintiff for the purpose of recovering the amount expended in payment of the workmen’s compensation due Mr. Tadlock. The trial in the damage suit resulted in the verdict and judgment in favor of the plaintiff and the intervener, as their interests appeared, in the sum of $50,000. After final judgment and before the case was appealed to the Supreme Court, the matter was settled and compromised for $45,000. There was an agreement that the amount due U. S. F. & G. would be reduced so that the settlement could be had. A disagreement then arose between Tadlock and U. S. F. & G. as to whether or not under the provisions of section 30, Mississippi Workmen’s Compensation Act (Miss.Code 1942 Ann. § 6998-36 (1952)), U. S. F. & G. was liable for its pro rata part of the cost of collection. This issue was presented to the Circuit Court on Mr. Tadlock’s motion to correct judgment and for distribution of proceeds *144 of settlement. The Circuit Court, after a hearing at which the parties stipulated relevant facts, entered a final order sustaining the contention of U. S. F. & G. and directing that the balance of the proceeds of the settlement be disbursed to it. From that order Mr. Tadlock has prosecuted this appeal to this Court.
The statement of facts shows that on January 12, 1966, Tadlock was employed by C. E. Bullock, doing business as Bullock Construction Company, on a building project in Tupelo, Mississippi. Bullock’s workmen’s compensation carrier was U. S. F. & G. On this date, Tadlock was severely injured by some steel being unloaded at the job site by the original defendants, Central Electric Machinery Company, Sid Lambert, and others. U. S. F. & G. was also the general liability insurance carrier for these defendants. U. S. F. & G. had paid to Tadlock at the time of the suit the sum of $11,971.70 under the workmen’s compensation benefit contract with Tadlock’s employer.
The U. S. F. & G. did nothing about perfecting a third party claim under the Workmen’s Compensation Act, but Mr. Tadlock, on February 28, 1966, employed counsel to handle his claim for damages on a basis whereby said counsel, after reimbursement of out-of-pocket expenses incurred, would receive forty percent of the balance as their fee for services. The attorneys filed suit for Mr. Tadlock against the original defendants above named. Mr. Tadlock, through his counsel, advised U. S. F. & G. of the institution of the suit, recognizing U. S. F. & G.’s right to a lien on .all sums recovered for the amount of the compensation paid to Mr. Tadlock, less a reasonable cost for collection, and he advised the U. S. F. & G. that reimbursement would be made accordingly. The U. S. F. & G. then employed other attorneys to defend the case.
After the case was set for trial and approximately a week before the trial, U. S. F. & G. had an intervening petition filed in the case showing that it was the workmen’s compensation carrier and entitled to the sum paid Mr. Tadlock out of such sums as he might recover. The attorneys for U. S. F. & G. made a brief opening statement to the jury with reference to the claim of U. S. F. & G. and retired from the case.
When the jury returned its verdict in favor of the plaintiff, the court entered its final judgment against the defendants in favor of Tadlock and U. S. F. & G. as their interests might appear. The defendants in the original cause perfected an appeal, but before the appeal was perfected a settlement was had between Tadlock and the defendants for the sum of $45,000, in which it was agreed that this amount would be distributed to Tadlock and U. S. F. & G. “as their interests may appear.” In order to reach this settlement, however, the judgment was reduced by ten percent so that U. S. F. & G. would be entitled to recover for the workmen’s compensation benefits paid to Tadlock, the sum of $10,773.97, rather than the sum of $11,971.07 actually paid.
After the settlement had been concluded, Tadlock filed a “Motion to Correct Judgment and for Distribution of Proceeds of Settlement,” asking that the U. S. F. & G. be paid $6,414.66, Tadlock the sum of $20,268.79, and the attorneys representing the plaintiff, $18,316.55.
U. S. F. & G. filed its answer contending that it was entitled to the sum of $10,773.97, the full amount paid under its contract as a workmen’s compensation insurance carrier, and that Tadlock should be paid the sum of $15,909.48. The difference between the two claims was the sum of $4,359.31. The trial court therefore ordered the distribution of all the other funds except the above named sum claimed by Tadlock and U. S. F. & G. The trial court determined that this sum belonged to the U. S. F. & G. and not to Tadlock. The primary question on appeal, then, is whether or not the trial court was correct in holding that the U. S. F. & G. was entitled to the full amount it *145 paid under its workmen’s compensation liability.
Mississippi Code 1942 Annotated section 6998-36 (1952) is in the following language :
“The acceptance of compensation benefits from or the making of a claim for compensation against an employer or insurer for the injury or death of an employee shall not affect the right of the employee or his dependents to sue any other party at law for such injury or death, but the employer or his insurer shall be entitled to reasonable notice and opportunity to join in any such action or may intervene therein. If such employer or insurer join in such action they shall be entitled to repayment of the amount paid by them as compensation and medical expenses from the net proceeds of such action (after deducting the reasonable costs of collection) as hereinafter provided.
“The commencement of an action by an employee or his dependents (or legal representative) against a third party for damages by reason of the injury, or the adjustment of any such claim, shall not affect the right of the injured employee or his dependents (or legal representative) to recover compensation, but any amount recoverd by the injured employee or his dependents (or legal representative) from a third party shall be applied as follows: Reasonable costs of collection as approved and allowed by the court in which such action is pending, or by the commission of this state in case of settlement without suit, shall be deducted; the remainder, or so much thereof as is necessary, shall be used to discharge the legal liability of the employer or insurer, and any excess shall belong to the injured employee or his dependents. The employee or his dependents bringing suit against the third party must notify the employer or carrier within fifteen days of the filing of such suit.
“An employer or compensation insurer who shall have paid compensation benefits under this act for the injury or death of the employee shall have the right to maintain an action at law against any other party responsible for such injury or death, and in the name of such injured employee or his beneficiaries, or in the name of such employer or insurer, or any or all of them. If reasonable notice and opportunity to be represented in such action by counsel shall have been given to the compensation beneficiary, all claims of such compensation beneficiary shall be determined in such action, as well as the claim of the employer or insurer. If recovery shall be had against such other party, by suit or otherwise, the compensation beneficiary shall be entitled to any amount recovered over and above the amount that the employer and insurer shall have paid or are liable for in compensation or other benefits, after deducting the reasonable costs of collection.

The appellant has cited the case of Winfrey & Carlile v. Nickles, 223 Ark. 894, 270 S.W.2d 923 (1954). In that case the St. Paul Mercury Insurance Company was both workmen’s compensation carrier and third party liability insurer. The deceased employee’s personal representative employed counsel to pursue a third party action. St. Paul employed an attorney merely-to file an intervention (such as U. S. F. & G. did in the present case); and employed another to defend the third party action (as is true in the instant case). After judgment against the defendants had been entered, the question arose as to the proper distribution of the money under the Arkansas statute. [Ark.Stats. § 81-1340], In Arkansas the carrier is entitled to two-thirds of the recovery of a third party action, until it has been reimbursed. Subsection (a), like the first paragraph of our section 6998-36, allows the employee to begin the action and the compensation carrier to in *146 tervene. Subsection (b) allows the carrier to institute suit and employee to intervene. The question arose as to whether or not the attorneys employed by plaintiff who handled the prosecution of the entire suit were entitled to a fee based on two-thirds of the recovery going to St. Paul as compensation carrier. The court pointed out that the insurance company was pursuing itself, and that its pecuniary interest lay entirely in defeating the plaintiff’s claim, and the court pointed out that under those circumstances it was in St. Paul’s interest to intervene on Nickles’ side of the case, just to be certain that all of its own money did not go to Nickles, and then to defend as strenuously as possible on behalf of the defendant. The court pointed out that the recovery was entirely effected by the attorneys for the plaintiff. The Arkansas Supreme Court therefore held that the circuit court was right in assessing the attorneys’ fee on the basis of what should have been fair had St. Paul been a whole-hearted, enthusiastic cross-complainant in a litigation.
After a study of this case, however, we are constrained to hold that the judgment of the trial court should be affirmed, since this question has been heretofore determined by this Court.
In the case of Richardson v. United States Fidelity & Guaranty Company, 233 Miss. 375, 102 So.2d 368 (1958), this question was presented to this Court. In that case the injured employee (claimant) was paid compensation benefits by the employer’s compensation carrier. The claimant filed suit against the third party for damages for personal injuries. The compensation carrier intervened in said suit. The suit was settled for the sum of $50,000. The judgment of the Circuit Court provided that the $50,000 should be paid to the Circuit Clerk, who was ordered to distribute said sum by paying claimant’s attorney the sum of $16,666.67 as a reasonable cost for collection, with the balance to be distributed as follows: “To the carrier the amount of its legal liability as fixed by the Workmen’s Compensation Commission, and the balance to claimant.” The Workmen’s Compensation Commission entered an order showing the ¿mount of compensation and medical expenses already paid by reciting that it had no way to determine the way of future liability of the carrier. The Workmen’s Compensation Commission declined to rule on subrogation rights as between the claimant and the carrier. Both parties appealed from the order of the Circuit Court. The Circuit Court entered an order finding (on stipulation) that total benefits paid by the carrier to date amounted to $15,710.83, and holding that the Circuit Clerk should distribute the $50,000 as follows: (1) to the cost of collection, $16,666.67, as allowed in his previous order; (2) to carrier, the sum of $15,710.83 theretofore paid out by it in compensation benefits; and (3) the balance of $17,622.50 to claimant. It was ordered that future liability of the carrier to pay compensation benefits to the claimant be credited with said sum of $17,622.50 and carrier was authorized to suspend further payments of the compensation benefits until such time as such suspended benefits equaled $17,622.50. On appeal from this order, the Court said:
“When a recovery is made by a compensation beneficiary from a third-party wrongdoer under the provisions of Section 30 of the Act (Section 6998-36, Code of 1942) the balance of the proceeds remaining after payment of the costs of collection, or so much as is necessary, shall be used to discharge all the liability of the employer or insurer including that to accrue in the future as well as that already paid or accrued * * 233 Miss, at 382, 102 So.2d at 371.
The case was then affirmed on direct appeal and remanded to the Circuit Court of Adams County for proper distribution.
This Court also held in Powe v. Jackson, 236 Miss. 11, 109 So.2d 546 (1959), that after deducting the costs of collection, any judgment against the defendant should be distributed to the insurance company to *147 the extent of the amount of compensation benefits paid by it under its workmen’s compensation contract, and that the balance of the judgment against a third party should be distributed to the employee. This rule was also followed in the case of Merchants Company v. Hutchison, 199 So.2d 813 (Miss.1967). This Court discussed the question here at issue, quoting from the case of Richardson v. United States Fidelity & Guaranty Company, supra, and we affirmed that case. Cf. U. S. Fire Ins. Co. v. Hill, 209 So.2d 440 (Miss.1968).
There was no issue made in the trial court as to the charge of the plaintiff’s attorneys’ fee against the gross recovery, including the sum payable to the insurance carrier for benefits previously paid to the employee under the Workmen’s Compensation Law, and for that reason we feel that issue should be expressly reserved for future study.
In the instant case, therefore, we now hold that the gross recovery in the instant case should have been disbursed as follows: (1) The cost of recovery, including the attorneys’ fee allowed by the court, should be paid; (2) the amount due to the insurance carrier for benefits previously paid to employee, claimant under the Workmen’s Compensation Law, should be paid; and (3) any amount left after the payment of the cost of collection and the reimbursement of the insurance carrier should be paid to the employee.
The other issues raised on appeal, in our opinion, do not merit discussion in view of our holding above set forth. We are of the opinion that the trial court was correct in the method used in distributing the funds recovered in the instant case. The judgment of the trial court should be, and it is, hereby affirmed.
Affirmed.
GILLESPIE, P. J., and JONES, BRADY and SMITH, JJ., concur.