QUESTIONS: 1. Should the term "real property" in s. 199.032(2), F. S., be construed to include leaseholds classified as real property under s. 196.001(2), F.S., governing ad valorem real property taxes? 2. Is an owner of a leasehold which is classified as real property under s. 196.001(2), F.S., for ad valorem real property tax purposes entitled to claim homestead exemption when he otherwise meets the requirements for that purpose?
SUMMARY: Leaseholds classified as real property pursuant to s.196.001(2), F.S., should be considered to be real property for purposes of the nonrecurring two mill intangible tax imposed upon obligations secured by liens upon real property pursuant to s. 199.032(2), F.S. The holder of title to a leasehold subject to taxation as real estate pursuant to s. 196.001(2), F.S., is vested with legal title to realty sufficient to support a claim for homestead exemption under Art. VII, s. 6, State Const., and s.196.031, F.S., assuming other homestead requirements are met. The answer to your first question is in the affirmative. As a general rule, leaseholds are deemed to be a species of personal property. An obligation to pay money secured by a mortgage encumbering ordinary leases would be a lien upon personal property and thus not subject to the two mill nonrecurring intangible tax under s. 199.032(2), F.S. To that extent, I must adhere to my comments to you in AGO 074-350. The legislature, however, has inherent power to determine the subjects of taxation and to make appropriate classifications of the properties made subject to or exempted from taxation. See Long v. St. John, 170 So. 317, 320 (Fla. 1936). Certain leaseholds have been classified by the legislature as real property subject to ad valorem taxation. For example, s. 193.481, F.S., classifies oil and mineral interests as real estate subject to ad valorem taxation, and in AGO 073-374 I concluded that this statute includes leases of oil and mineral rights as a species of real estate. Sections 711.08 and 711.19, F.S., further subject condominium interests to ad valorem taxation. See Dade County v. Pan American World Airways, Inc., 275 So.2d 505 (1973); see also Ammerman v. Markham, 222 So.2d 423 (Fla. 1969). In AGO 072-374 I held that leasehold interests in oil, gas, and mineral rights in subsurface land are real property in Florida. In part, my opinion therein was premised upon case law, but I also noted that the legislature by statute had classified such subsurface rights as real estate for purposes of taxation, citing s. 193.481(1), F.S., and I further held that the foregoing statute must contemplate leases of oil, gas, and mineral rights as well as other interests. See AGO's 065-11 and 071-134. I concluded that since such leaseholds were deemed to be real property by the legislature for purposes of taxation, such leaseholds should also be classified as real estate for purposes of the nonrecurring two mill tax upon notes secured by a mortgage upon "real property" pursuant to s. 199.032(2), F.S. The same reasoning should apply with equal force to leaseholds from governmental bodies which are classified as real property for purposes of ad valorem taxation pursuant to s.196.001(2), F.S. Section 196.001(2), F.S., does not expressly state that a lease from a governmental body is a real property interest for ad valorem taxation, but this is the necessary conclusion that must be drawn. For purposes of assessment and taxation, a leasehold is neither tangible personal property nor intangible personal property. See Park-N-Shop, Inc. v. Sparkman,99 So.2d 571 (Fla. 1957); ss. 192.001(11)(b) and (d), 199.023(1), F.S. Section 196.001(2) was created by Ch. 71-133, Laws of Florida, and dealt only with real property and tangible personal property taxation. Section 196.001(2) mandates that such governmental leases be taxed. Since the leases are clearly not tangible personal property, the legislature by s. 196.001(2) has classified such leases as realty for purposes of ad valorem taxation. The Supreme Court on two occasions has ruled without comment that leases from governmental bodies are subject to taxation pursuant to s. 196.001(2) as real estate. Straughn v. Camp, 293 So.2d 689 (Fla. 1974); Hillsborough County Aviation Authority v. Walden, 210 So.2d 193 (Fla. 1968). Since leaseholds from governmental bodies are classified by the legislature as a species of real estate subject to ad valorem real property taxes pursuant to s. 196.001(2), F.S., in the absence of any conflicting expression in Ch. 199, F.S., and pending judicial clarification, I would conclude that such leaseholds have also been characterized as real estate for application of the two mill nonrecurring intangible tax pursuant to s. 199.032(2). In practical effect, the lessees under such leases are the equivalent of persons owning real estate in fee simple. Since the governmental body is immune from taxation, the legislature in s.196.001(2), F.S., chose to treat such governmental leases as real estate to be taxed when used for nongovernmental purposes just as persons owning real estate in fee simple are subject to ad valorem real property taxes. Carrying the analogy a step further, it is logical to conclude that the legislature intended to tax liens upon such leases in the same fashion as it taxes liens upon other real property. It can be expected that the holders of liens on such governmental leases will be financial institutions of the same type that hold liens on ordinary real property. It is a settled principle of construction in considering a tax statute that "the law favors that interpretation which imposes the burden uniformly on all standing in the same degree in relation to the tax adopted so as to avoid arbitrary and inequitable results." Green v. Wisner, 199 So.2d 814 (2 D.C.A., Fla., 1960); Korash v. Mills, 263 So.2d 579 (Fla. 1972). It is also a settled rule that tax laws are to be construed strongly in favor of the taxpayer and against the government. Maas Brothers, Inc. v. Dickinson,195 So.2d 193, 198 (Fla. 1967). The two mill nonrecurring tax imposed by s. 199.032(2), F.S., though initially more than the annual one mill intangible tax imposed by s. 199.032(1), will be a substantially lesser tax burden over a period of a few years. A court would therefore be more inclined to apply the two mill nonrecurring tax so as to favor the taxpayer and construe the statute against the government. In view of the foregoing and to that extent, I hereby recede from contrary comments contained in AGO 074-350. As previously stated, your first question is answered in the affirmative. From my comments to question 1 it is clear that a leasehold from a governmental body is subject to taxation as real estate pursuant to s. 196.001(2), F.S. It therefore follows that a lessee vested with full title to the leasehold estate is for the purposes of both taxation under s. 196.001(2) and exemption under s. 196.031, F.S., vested with legal title to an interest in realty. Hence, a lessee who permanently resides on a leasehold taxable pursuant to s. 196.001(2) as an interest in realty and who otherwise meets homestead requirements is entitled to claim the homestead exemption under Art. VII, s. 6, State Const., and s. 196.031, F.S. Attorney General Opinion 074-350 accurately reflects the general principle that leaseholds, other than those separately taxable as real property or specifically granted the homestead exemption pursuant to s. 196.041, F.S., do not fall within the purview of the homestead exemption since the lessee is not vested with legal or equitable title to realty. Leaseholds specifically categorized as an interest in realty by s.196.001(2), F.S., however, are not governed by such general principles. Such leaseholds have been classified by the legislature as realty for the purpose of ad valorem real property taxation and must be accorded the same classification for the purpose of exemption from such taxes. Hence, question 2 is answered in the affirmative.