BRADLEY, Judge.
This is an appeal from an award of an attorney’s fee.
This case arose out of an automobile accident that occurred in the state of Mississippi on June 15, 1984 wherein Herbert and Glenda Chandler were injured. At the time of the accident, both of the Chandlers were residents of Mississippi and were employed by George County Hospital in Luce-dale, Mississippi.
Following the accident the Chandlers were paid certain workmen’s compensation benefits pursuant to a contract of insurance between George County Hospital and Insurance Company of North America (INA). These workmen’s compensation benefits were paid to the Chandlers subject to the provisions of the Mississippi workmen’s compensation laws.
On June 29,1984 the Chandlers filed suit in the Circuit Court of Mobile County against Robert Lee Henderson and Over-nite Transportation Company for injuries sustained in the aforementioned accident.
In February 1985 INA contacted the Chandlers’ attorney by letter and informed him of INA’s subrogation interest in any amount received by the Chandlers as a result of the suit. On February 27, 1985 the Chandlers’ attorney responded that he would only protect INA’s interest for a one-third contingency fee plus a pro rata share of expenses. INA did not respond to this offer. Instead, INA hired a Mobile attorney to protect its subrogation interest.
In early March 1985, INA’s attorney contacted the Chandlers’ attorney by telephone and again informed him of INA’s intent to recover certain benefits paid to the Chandlers should they prevail. Apparently, the Chandlers’ attorney then told INA’s attorney that he need not file a formal motion of intervention because he would protect INA’s interest for a one-third contingency fee and a pro rata share of expenses. The Chandlers’ attorney then confirmed this statement in a letter dated March 14, 1985 to INA’s attorney. The Chandlers’ attorney also testified in a hearing before the trial court that he made an agreement with INA's attorney to protect INA’s interest for a stated fee. There was no objection to this testimony, nor was there testimony introduced rebutting these statements by the Chandlers’ attorney.
On May 2, 1985 the Chandlers settled their case for $250,000. At that time INA had paid $16,176.09 in workmen's compensation benefits to the Chandlers.
On May 3, 1985 INA’s attorney filed a formal complaint in intervention and a notice of foreign law pursuant to Alabama Rules of Civil Procedure 44.1. The notice of foreign law informed the parties and the court that issues of Mississippi law on the workmen’s compensation benefits paid to the Chandlers would have application in the case. Thereafter, the Chandlers’ attorney filed a motion for an attorney’s fee pursuant to their March agreement.
*939 By final order dated June 26, 1985, INA received $10,597.15 as reimbursement for payments made to the Chandlers. The Chandlers’ attorney was awarded $5,392.03 as an attorney’s fee and $186.91 as a pro rata share of expenses.
The dispositive issue on appeal to this court is whether there exists a contractual agreement between INA and the Chandlers’ attorney so as to entitle him to an attorney’s fee and pro rata share of expenses.
INA argues that there was no evidence before the court to support its finding that INA agreed to pay the Chandlers’ attorney a contingent fee plus expenses. It argues that all of the pertinent facts in the Chandlers’ suit occurred in Mississippi and, as such, the Alabama court should have applied Mississippi law to the dispute over certain attorney’s fees. Apparently, Mississippi law would not support the Chandlers’ attorney’s claims.
The Chandlers’ attorney argues that INA through its attorney entered into a contractual agreement insuring him that he would receive a fee for representing INA’s interest. It is undisputed that INA did not participate in the prosecution or contribute to the discovery or investigation undertaken on the Chandlers’ behalf. The Chandlers’ attorney vigorously argues that it is manifestly unjust to allow INA to reap the benefits of his efforts in procuring a settlement of the Chandlers’ claim. He also argues that if a valid agreement is not found to exist between himself and INA’s attorney then this court should conclude that INA’s formal complaint in intervention was untimely filed.
It does appear that the general principle of lex loci delicti would ordinarily require the application of Mississippi law to the substantive aspects of the case at bar. See, Norris v. Taylor, 460 So.2d 151 (Ala.1984). And, under Mississippi’s workmen’s compensation law, the workmen’s compensation insurer would be entitled to recover the full amount of its lien. See, Tadlock v. United States Fidelity & Guaranty Co., 219 So.2d 143 (Miss.1969). However, in the present case, we are not concerned with the enforcement of Mississippi substantive law as it relates to the enforcement of INA’s lien. We are presented with the issue of whether there was an agreement between the parties’ attorneys whereby the Chandlers’ attorney would be paid a fee by INA for representing INA’s interest in this proceeding.
The trial court heard ore tenus evidence in this case. In cases where the trial court sits as trier of the fact, there is a strong presumption of correctness attached to its findings, and such findings will not be disturbed on appeal unless they are clearly erroneous or palpably wrong. Thomas v. Hartford Accident & Indemnity Co., 460 So.2d 1264 (Ala.1984).
After careful review of the applicable law and facts relevant to this case, we find there is evidence to support a conclusion that an agreement was entered into by and between the Chandlers’ attorney and INA’s attorney to the effect that the Chandlers’ attorney would protect INA’s interest for a one-third contingency fee plus a pro rata share of the expenses. The record reveals that the evidence before the trial court could have led it to reasonably conclude that, notwithstanding INA’s right pursuant to Mississippi law to recover the full amount of the compensation benefits paid to the Chandlers, INA had voluntarily contracted with the Chandlers’ attorney for him to protect its interests in exchange for a fee. In other words, the trial court could have decided that INA had in effect waived its right under Mississippi law to receive the full amount of the benefits previously paid its insured and to accept a lesser amount in exchange for the services of the Chandlers’ attorney.
The above disposition of the appeal makes unnecessary a consideration of the other issue raised by INA in its brief.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.